JOHN C. ROCHFORD, administrator, *vs.* EDWARD ATKINS.
SAME *vs.* MARTHA M. ATKINS.

Suffolk.    November 20, 1912. — January 28, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Res Judicata. Merchanic's Lien.*

If on a petition to establish a mechanic's lien the jury finds, upon one of the issues submitted to them which is material to a determination of the validity of the lien, that a certain construction mortgage was not given by the owner of the premises to pay off a prior mortgage and *pro tanto* in substitution for it, the owner and both mortgagees being parties to the petition, such finding is *res judicata* barring an action subsequently brought by the administrator of the estate of the owner against the second mortgagee seeking damages for alleged fraud on his part in taking an assignment instead of a discharge of the prior mortgage and then foreclosing it.

TWO ACTIONS OF TORT. The declarations alleged the same facts, namely, that on February 11, 1897, the plaintiff's intestate, Thomas J. Rochford, and "Martha M. Atkins by Edward Atkins" signed an agreement whereby, in consideration of a note for $3,000 secured by a mortgage upon certain real estate in Newton, Martha M. Atkins advanced to the plaintiff's intestate $1,200 and agreed to advance further sums as a building on the premises progressed; that at that time there was a mortgage upon the premises upon which there was a balance unpaid, which, "from the money called for in the agreement" above described, "was paid for the discharge" of the prior mortgage, as the defendant well knew; but that the defendant, in fraud of the plaintiff's intestate and without his knowledge or consent, received an assignment of the prior mortgage and later foreclosed it. Writs dated respectively May 19 and April 10, 1903.

In the Superior Court the cases were tried together before *Brown,* J.

It appeared that the mortgagee in the prior mortgage referred to in the declarations was one Winsor Gleason, who was dead at the time of the transactions there described. The plaintiff introduced evidence tending to prove the allegations of the decla-

rations, and also called one Walter H. Gleason, one of the executors of the will of Winsor Gleason, who among things stated that at the request of the father of Thomas J. Rochford, James M. Rochford, with whom he had had all his transactions, the mortgage was assigned to the defendant Martha M. Atkins instead of being discharged.

The record in the case of *Rochford* v. *Rochford*, 188 Mass. 108, referred to in the opinion, also was in evidence.

At the close of the evidence the judge ordered verdicts for the defendants, and reported the cases for determination by this court.

*W. Hirsh*, for the plaintiff.

*E. F. McClennen & C. S. Hill*, (*R. G. Kilduff* with them,) for the defendants.

SHELDON, J. We need not determine whether upon the plaintiff's allegations he can maintain an action at law, or whether his only right to relief would be in equity. The fundamental fact which he asserts and upon which he bases his claim against Mrs. Atkins is that she was bound to pay off and discharge the outstanding mortgage which the plaintiff's intestate had given to Gleason; that by agreement between himself, Gleason the prior mortgagee, and this defendant acting through her husband the defendant Edward Atkins, the mortgage to her was really given, to the amount due upon the Gleason mortgage, in payment of that mortgage and in substitution for it. The plaintiff put in some evidence in support of that contention. But in a previous suit brought by James A. Rochford to establish a mechanic's lien upon the mortgaged premises, to which Mrs. Atkins and Thomas J. Rochford the plaintiff's intestate were parties, the contrary of that contention was expressly found, and the claim now made passed *in rem judicatam*. See *Rochford* v. *Rochford*, 188 Mass. 108. The conclusion thus reached is binding upon all parties to that litigation. It follows, as Mrs. Atkins' mortgage was not given in payment of and substitution for the Gleason mortgage, that she had a right upon paying off that mortgage to take an assignment of it and to hold it as additional security against any intervening liens or attachments. Therefore the foreclosure of it for breach of its conditions was not unlawful, and the foundation of the plaintiff's claim against her fails.

Taking the most favorable view for the plaintiff of the evidence to support his action against Edward Atkins, it does not appear that he has done anything except as agent of his wife and in her right. As nothing has been done beyond what she had a right to do, the action against him can no more be maintained than that against her.

In each of these cases the entry must be

*Judgment for the defendant.*