WILLIAM C. NOBLE *vs.* AMERICAN EXPRESS COMPANY.

Suffolk.    December 3, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Carrier,* Of goods. *Evidence,* Presumptions and burden of proof. *Negligence,* Of express company.

At the trial in the Municipal Court of the City of Boston of an action against an express company for damaging in transit a plaster of Paris model of a bust delivered to it by the plaintiff for transportation, there was evidence tending to show that the bust, when it was delivered to the defendant, was secured and protected by the plaintiff in a manner sufficient to guard it against all ordinary danger of transit and was marked, "This end up," "With great care," "Plaster cast," "Fragile;" that the case in which the model was packed was in good condition when it reached its destination, and that, when the model was taken out, it was discovered that its nose and mouth were so broken that it could not be used. The judge who heard the case ruled that the burden of proving negligence of the defendant was on the plaintiff, and that, unless there was some evidence from which it might be determined that it was more probable that the damage was caused by negligence of the defendant than by insufficient packing by the plaintiff, the plaintiff could not recover. The finding was for the plaintiff. *Held,* that, in the absence of any explanation by the defendant, the judge was

warranted in inferring that the box was damaged by negligent handling while
in the defendant's custody, and in finding for the plaintiff.

CONTRACT, afterwards by amendment CONTRACT OR TORT, for
damages resulting from the breaking while in transit of a plaster
of Paris model of a bust, delivered to the defendant in Boston
for transportation to Brooklyn in the State of New York.   Writ in
the Municipal Court of the City of Boston dated August 21, 1918.

At the trial in the Municipal Court, it appeared that the plain-
tiff delivered to the defendant on May 16, 1918, in Boston, a box
containing a plaster of Paris model of a bust for transportation to
the Roman Bronze Works in Brooklyn in the State of New York.

The plaintiff testified that he was a sculptor of thirty years'
experience, that he frequently had packed plaster of Paris models
and statuary for shipment; that he packed this plaster of Paris
model bust in a box made of ash wood, reinforced with cleats both
inside and out; that he wrapped the bust in tissue and newspaper,
placed it in the box, and surrounded it with excelsior; that he
addressed the box to the Roman Bronze Foundry, Brooklyn, New
York, and marked upon it, "This end up," "With great care,"
"Plaster cast," "Fragile;" that he then delivered the box to the
defendant; that he next saw the bust when it was returned to him
by the Roman Bronze Works, that it then was broken, and that he
was obliged to make a new model.   On cross-examination, the
plaintiff testified that the plaster of Paris model was fragile, that
after placing it in the box he put a cover upon the box which he
nailed down with hammer and nails and which he reinforced by
nailing cleats upon it.

One Huber testified by deposition, that he was the manager of
the Roman Bronze Works at Brooklyn, New York; that the box
containing the plaster of Paris cast was delivered to the Roman
Bronze Works at Brooklyn by the American Express Company;
that he saw the box upon its arrival before it was opened, and that
the box was in good condition; that he was present when the box
was opened; that the bust was packed in excelsior; that he had
had twenty years' experience in packing such articles and that in
his opinion this plaster cast was properly secured and protected for
transportation by express; that when the bust was taken out, he
saw that the nose and mouth of the bust were broken, and that it

was impossible to use it as a model for a cast; that he returned it to the plaintiff, who subsequently sent him another model.

At the close of the evidence, the defendant asked for the following rulings:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. There is no evidence that the defendant was negligent.

"3. Under the rules and regulations of the defendant duly filed with the Interstate Commerce Commission as a part of its schedules of rates and charges, the defendant is not liable in the present case unless the plaintiff proves that the damage to his shipment was caused in whole or in part by the negligence of the defendant.

"4. Under the terms of the shipping receipt issued by the defendant to the plaintiff, the defendant is not liable in this case unless the plaintiff proves that the damage was caused by negligence of the defendant.

"5. The burden of proving the defendant's negligence is upon the plaintiff.

"6. The evidence that the box in which the shipment was contained was in good condition on its arrival at destination in New York is some evidence that the shipment was not damaged by the defendant's negligence.

"7. Under the shipping receipt it was the duty of the shipper to so pack his goods as to ensure safe transportation by express with ordinary care.

"8. The evidence that the box in which the shipment was contained was in good condition on its arrival at destination is some evidence that the shipment was handled by the express company with ordinary care.

"9. The fact that the box containing the shipment arrived at destination in good condition, and that the bust contained therein was somewhat broken, is some evidence that the same was not so packed as to ensure its safe transportation by express with ordinary care.

"10. The fact that the plaster bust was broken when it arrived at destination, but that the box containing the same was in good condition, is some evidence that the damage occurred because of the fragile nature of the goods or because of insufficient packing.

"11. If on the evidence it is left a matter of conjecture whether the damage occurred because of negligence on the part of the

defendant or because of the fragile nature of the goods and insufficient packing of the same, the plaintiff has failed to sustain the burden of proof and cannot recover.

"12. Unless there is some evidence by which it may be determined that it is more probable that the damage was caused by negligence of the defendant rather than because of the insufficient packing of a fragile article the plaintiff cannot recover."

The first and second rulings were refused, and the others were given. There was a finding for the plaintiff in the sum of $500. At the request of the defendant the case was reported to the Appellate Division, who ordered the report dismissed. The defendant appealed.

*A. M. Pinkham,* for the defendant.

*R. L. Mapplebeck,* for the plaintiff.

DE COURCY, J. This action against a common carrier is for damages to a plaster of Paris model for a bust, shipped by the plaintiff from Boston to the Roman Bronze Works, at Brooklyn, New York. The judge of the Municipal Court found for the plaintiff. The only question is whether he erred in refusing to grant the defendant's first and second requests for rulings.

Among the rulings which the judge gave, at the defendant's request, were these: "5. The burden of proving the defendant's negligence is upon the plaintiff;" "12. Unless there is some evidence by which it may be determined that it is more probable that the damage was caused by negligence of the defendant rather than because of the insufficient packing of a fragile article the plaintiff cannot recover." Accordingly we must accept this as the law of the case for the purpose of passing on the exceptions. Due effect must also be given to the judge's rulings as to the evidentiary weight of selected parts of the testimony, although he might have refused to give those requests. See *Canney* v. *American Express Co.* 222 Mass. 348, *Astrella* v. *Laffey,* 222 Mass. 469.

Nevertheless we cannot say that the finding of negligence was unwarranted, or inconsistent with the rulings given. To begin with, there was ample evidence from the plaintiff and from the manager of the Roman Bronze Works, both experts in packing such articles for shipment, that the bust was secured and protected in a manner sufficient to guard it against all ordinary dangers of transit. It was wrapped in tissue and newspaper,

surrounded with excelsior, packed in a box made of ash wood re-enforced with cleats, and the cover nailed down — all by the plaintiff himself. The box was delivered by him directly to the defendant, so that it was not handled by any intervening agency. It was marked "This end up." "With great care." "Plaster cast." "Fragile." This case was in good condition when it reached the foundry at Brooklyn; but when the bust was taken out it was discovered that the nose and mouth were broken, so that it could not be used as a model for a cast. It could be found that the damage was not done by the plaintiff in nailing the cover upon the box. And the judge was warranted in inferring, in the absence of any explanation, that the box, which was in the sole custody of the defendant, with notice of its fragile contents, was handled in so rough and careless a manner as to cause injury to the plaster of Paris model.

*Order dismissing report affirmed.*