A. GERTRUDE WILSON *vs.* KENNETH BIRKENBUSH.

Essex.   December 6, 1939. — February 1, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Practice, Civil*, Requests, rulings and instructions.

A judge of a District Court in an action by a wife against a third person for personal injuries sustained in a collision with an automobile operated by the plaintiff's husband, having warrantably found that, although the husband was under the influence of intoxicating liquor, the wife did not know nor have reason to know that fact, that neither before nor at the time of the accident had she observed any negligence on his part which would cause her to give him a warning, and that, when she saw the possibility of the collision, she gave an exclamation of warning to him, no error appeared in his refusal, "as not being predicated on the facts," of a request for a ruling in substance that, if he found that the plaintiff in the exercise of common prudence ought to have given warning to her husband of carelessness on his part which she observed or ought to have observed in the exercise of due care for her own safety and that she failed to do so, she was not entitled to recover.

TORT.   Writ in the District Court of Newburyport dated June 12, 1936.

The action was heard by *Nelson*, J., who found for the plaintiff in the sum of $3,250.

*J. F. Doyle*, (*J. W. Sullivan* with him,) for the defendant.
*T. S. Herlihy*, for the plaintiff.

Cox, J., The defendant appealed from the order of the Appellate Division for the Northern District dismissing the report of the trial judge, who found for the plaintiff. The only question for decision is whether the judge was in error, in the circumstances disclosed, in denying the defendant's request that, "If the court finds that the plaintiff in the

exercise of common prudence ought to have given warning to her husband of carelessness on his part which she observed or ought to have observed in the exercise of due care for her own safety and that she failed to do so, she would not be entitled to recover."

There was evidence that on a clear night in December, 1935, at some time after nine o'clock, the plaintiff was injured by being thrown from the front seat of an automobile, operated by her husband, which was in collision with the defendant's truck as it was coming out of a driveway on the plaintiff's right. There were no vehicles moving or parked ahead of the automobile on the right hand side of the road, and, as it was proceeding at a speed of about twenty-five miles an hour, the plaintiff saw lights "which appeared on her right hand side of the road and then she saw the front end of a truck which came out on to the road and she gave an exclamation of warning to her husband" who swung his automobile to the left. There were other automobiles coming toward them, the lights of one of which blinded the husband; "he could not go too far toward the center of the road" and the automobile collided with the front end of the defendant's truck. It could have been found that the husband was under the influence of liquor at the time, but that the plaintiff noticed nothing about his appearance that indicated that he had been drinking. From a supplementary report, filed as a result of an order of the Appellate Division recommitting the original report for "amplification, correction or other amendment," it appears, among other things, that the case was tried with three others, one brought by the husband and the other two brought in behalf of the minor Wilson children, who were riding in the automobile, and that in all of these three cases the findings were for the defendant.

The judge denied the request in question "as not being predicated on the facts in the case at bar," and in his first report found "as a fact that the plaintiff was in the exercise of due care at the time of the collision; that she was watching the road ahead and looking out for her own safety and that she gave an exclamation of warning as she

observed the lights of the defendant's truck coming from the side of the road." In his supplementary report he found that "the lights of an on-coming automobile shone in her husband's face and almost simultaneously plaintiff observed lights coming from an intersecting way on her right hand side of the road and then saw the front end of defendant's truck come out from said way on to the road and she gave an exclamation of warning to her husband, who swung his automobile to his left toward the center of the road; that there were automobiles coming toward him from the other direction and he could not go to the left of the center of the road without colliding with them. I further find that the plaintiff did not know and had no reason to know that her husband was under the influence of intoxicating liquor; that she did not, either before or at the time of the accident, observe any carelessness or negligence on the part of her said husband in operating the automobile in which she was riding; that there was nothing in the operation of said automobile by plaintiff's husband which would cause or be likely to cause her to give warning to him of any carelessness on his part; that the condition of plaintiff's said husband, while operating said automobile, did not cause or contribute to the cause of the accident."

We may assume that the request that was refused is a correct statement of abstract law. *Lambert* v. *Eastern Massachusetts Street Railway*, 240 Mass. 495, 499–500. *Bessey* v. *Salemme*, 302 Mass. 188, 210–211. *Beach* v. *Minkley*, 302 Mass. 228, 231–232. But the judge was not required to give it if the facts found, based upon the evidence, rendered it irrelevant. *Bresnick* v. *Heath*, 292 Mass. 293, 298. If the plaintiff was not contributorily negligent, she could recover even if her husband was negligent, the defendant's negligence not being questioned. *Ouillette* v. *Sheerin*, 297 Mass. 536, 539–540. *Bessey* v. *Salemme*, 302 Mass. 188, 210–211. The request that was refused relates solely to the question whether the plaintiff was contributorily negligent in failing to warn her husband. It is general in its terms, in that, without attempting to specify any act, or

failure to act, on the part of the husband that may have been disclosed by the evidence, it comprehensively refers to "carelessness" on his part.   See *Lambert* v. *Eastern Massachusetts Street Railway*, 240 Mass. 495, 497, 499–500.

The defendant contends that the judge either ignored or misunderstood the request, and that his original finding as to what the plaintiff did deals with her conduct only as it relates to the negligent act of the defendant's agent who was operating the truck, and not as it relates to any negligent conduct of the husband.   He contends not that the judge made findings that go beyond the evidence, but rather that he did not go far enough in that he should have set out specifically just what was the negligence of the husband.   The judge made a categorical finding, in effect that the plaintiff neither observed nor had occasion to observe any carelessness or negligence on the part of her husband in the operation of the automobile that required any warning on her part.   It is true that the report does not set out any specific facts, beyond what has been stated already, as to what the husband did or failed to do, but we do not agree with the contention of the defendant that the findings in the supplementary report absolve the husband of all negligence.   The record is consistent with the conclusion that the collision occurred suddenly.   Apart from the approaching automobiles there were no other vehicles on the road except those involved in the collision.   The plaintiff and her husband were proceeding at a speed of about twenty-five miles an hour on a road familiar to both.   When she saw the truck she warned him.   In the situation then presented it may be that he should have stopped, or have tried to stop, because of the lights of the approaching automobile, the width of the road, or the position of the truck. The record in the cases tried with the case at bar is not before us, but in view of the finding for the plaintiff in this case, and for the defendant in the other cases, it necessarily follows that findings were made of negligence both of the husband and of the defendant's agent.   The finding that the husband's condition while operating the automobile did not cause, or contribute to cause, the collision, taken in

connection with the finding that the plaintiff noticed nothing about his appearance that indicated that he had been drinking, disposes of any obligation on the plaintiff's part respecting his "condition." We, therefore, have what could be found to be a situation of sudden peril arising from the act of the defendant's agent, together with the plaintiff warning her husband, the operator of the automobile, of its imminence. We think, from the evidence reported and the inferences that could be drawn therefrom, that the categorical finding was warranted, and that it indicates, in the circumstances, that the warning given was all that the plaintiff was required to give.

The defendant's contention that the findings disclose an attempt on the part of the judge to "protect" his finding for the plaintiff cannot be sustained. We think that the judge understood the request, that upon the record he was justified in finding that the plaintiff was not at fault in terms of the request, and that there is no inconsistency in his finding for the plaintiff.

We have in mind what was said in *Mericantante* v. *Boston & Maine Railroad,* 291 Mass. 261, 263, *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86, 93, and *Commonwealth* v. *Hull,* 296 Mass. 327, 336–337, but we do not think that this is a case to which what was there said is applicable. The case is distinguishable from *De Young* v. *Frank A. Andrews Co.* 214 Mass. 47, 50, *Kaufmann* v. *Sydeman,* 251 Mass. 210, 217, *Russell* v. *Foley,* 278 Mass. 145, 148–149, *Minsk* v. *Pitaro,* 284 Mass. 109, 115, and *Bresnick* v. *Heath,* 292 Mass. 293, 298–299. The record does not show that the ultimate decision was due to any erroneous view of the law taken by the trial judge as expressed in his denial of the request. This court cannot find facts in an action at law, even if the evidence is reported. *Bresnick* v. *Heath,* 292 Mass. 293, 299. But we think the findings were warranted upon the evidence, and that there was no reversible error.

*Order dismissing report affirmed.*