No. 2968 Northern Middlesex, ss.
HELANDER et al (Carter & Barrett)
v. LOGAN .
 (Arthur V. Sullivan, Norman Fermoyle, Martin T. Hall)

 From the District Court of Natick—Bigelow, J.

 Argued June 30, 1941—Opinion Filed August 11, 1941

WILSON, J. (Jones, P.J. & Sullivan, J.)—These were two actions of tort consolidated and tried together; the first, claiming damages for personal injuries, and the second, for property damage to an automobile, resulting from an accident alleged to have been caused by the defendant's negligence. The only question argued by the plaintiffs in their brief is whether the judge was justified in ruling, as he did, "as matter of law that there is not sufficient evidence of negligence on the defendant's part to warrant a finding for either plaintiff in these actions."

The evidence in its aspect most favorable to the plaintiffs may be summarized as follows:

"The plaintiff, F. Berthold Helander, was driving his wife's automobile toward Framingham, Mass., on West Central St. in Natick. There was a heavy fall of snow on the ground from previous snowstorms and the road was icy and slippery. A little snow was falling at the time of the accident. The road is a main highway and had been well plowed, leaving large banks of snow on either side of the traveled way. There were three lanes on this highway open to traffic.

"The plaintiff had been following the defendant's automobile for about half a mile before they came over the brow of a hill and were descending on the westerly side not very far from the Framingham line. As the two cars came down this hill the plaintiff noticed a pair of horses hitched to a load of hay facing East toward Natick and on the extreme Southerly side of the road. This team was stopped in front of an entrance

[ 141 ]

to a driveway. The defendant brought his car to a stop so that the rear of his car was about opposite the rear end of the load of hay, on the extreme Northerly side of the road at the defendant's right. There remained room enough for the plaintiff's car to pass between the load of hay and the defendant's car without turning his car. The plaintiff slowed up as soon as the defendant started to slow up, and the plaintiff at that time was about 75 feet back of the defendant's car.

"The plaintiff saw the defendant's car door open just a few inches, and to avoid hitting the defendant, if he got out, the plaintiff edged his car over towards the load of hay so as to pass far enough from the defendant's door not to hit him. The plaintiff did not put on his brakes. When the plaintiff made this slight turn his car skidded and turned completely around and hit the horse nearest the road as the side of the plaintiff's car slid up against him. The plaintiff's car started to skid when about one car's length East of the horses' heads.

The plaintiffs seasonably presented seven requests for rulings. The trial court gave number 4 and denied all others.

The first, second, third and seventh were based upon the principle of law that violation of a criminal statute, or a bylaw, or a regulation established by specific authority is evidence of negligence. But in order to invoke that principle, it must appear that an infringement of such regulation has occurred and that such violation could be found by the fact finding tribunal to be the cause of the accident.

It could not have been found that the defendant was obstructing traffic as described in section 7, or not conforming to section 11, or parking as described in section 14, or that his failure to give the necessary hand signal as required by section 12, was the cause of the accident, because the plaintiff slowed down as soon as he saw the defendant slowing down and he was then 75 feet behind the defendant whom he had been following for about half a mile. He also pulled out to pass. There was ample "room for the plaintiff to pass between the load of hay and the defendant's car without turning his car."

It seems to us that said requests fall within the class referred to in *Wilson* v. *Birkenbush,* 305 Mass. 173, 175, and cases there cited. The judge was not obliged to give them, although correct principles of law, if not applicable, because the facts found rendered them irrelevant. *Rathgeber* v. *Kelley,* 299 Mass. 444.

Of course, if the plaintiff has failed to maintain the burden of proving the negligence of the defendant, the fifth request became immaterial and was rightly refused.

The sixth was a request for a finding of fact which the court was not required to give. *Castano* v. *Leone,* 278 Mass. 429.

The report contains no error prejudicial to the plaintiffs and 't is, therefore, dismissed.