D. K. DEYRMANJIAN *vs.* JOSEPH PALAIS.

Suffolk.    April 13, 1942. — May 27, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Bailment.   Contract*, Performance and breach, Of indemnity.

A bailor of a rug of an agreed value, to be shipped to the bailee under an agreement specifically providing that the bailee should be an "absolute insurer" to the bailor for loss of or damage to the rug until it was returned to the bailor, violated an implied duty to the bailee when, upon delivering the rug to a common carrier, he, without authority from the bailee, declared its value at only a small part of the agreed value; and consequently he was barred from recovering the agreed value from the bailee upon loss of the rug while in transit.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated March 14, 1940.

The action was heard by *Spiegel*, J.

*E. A. Neiley*, for the plaintiff.

*J. F. Havlin*, for the defendant.

Cox, J.   The plaintiff appealed from the final decision of the Appellate Division of the Municipal Court of the

City of Boston, which ordered dismissed the report of the trial judge, who found for the defendant.

The judge found that the parties entered into an agreement, evidently in the city of New York, by the terms of which the plaintiff was to ship to the defendant on "consignment" a rug of an agreed value of $1,800, subject to the following terms and conditions: that from the time of delivery of the rug at New York until it was returned to the "Consignor" (plaintiff), at his place of business in New York in as good condition as when consigned, the "Consignee" (defendant) was an absolute insurer of the rug to the plaintiff for and against any and all risks, losses, damages and expenses whatever, and liable to the plaintiff for the value agreed upon; that title to the rug, and, upon its sale, title to the proceeds of the sale, were to remain in the plaintiff; and that the defendant might return and the plaintiff might require the return of the rug at any time before its sale. The plaintiff delivered the rug to a carrier for the purpose of its delivery to the defendant under a straight bill of lading, freight charges collect, and made a declaration to the carrier of the value of the rug, expressly limiting it to $125. The rug was lost or stolen on the day it was delivered to the carrier and while in its custody.

At the request of the plaintiff, the judge ruled that the transaction of "consignment" was not a contract to sell or a contract of sale within the statute of frauds. He also gave certain requests of the plaintiff that dealt with the rights, duties and obligations of a bailor and a bailee, and also found and ruled that the transaction of "consignment" was a bailment, "subject, in part, to the terms and conditions hereinbefore set forth." Apparently the "terms and conditions" referred to are those already recited as to the obligation of the defendant from the time of delivery of the rug in New York, the status of title and the respective rights of the parties as to the return of the rug. But the ruling was also that the "bailment" was subject to these terms and conditions "in part." In this connection the judge also ruled that the defendant was entitled to reasonable notice of the time and place when and where his lia-

bilities as bailee under the agreement were to commence, in order that he might protect his interests. He found that the plaintiff had not sustained the burden of proving that the delivery to the carrier was made pursuant to the defendant's request or directions, and that the defendant did not authorize the plaintiff to limit the declared value of the rug to $125. He ruled that, in the circumstances, the plaintiff was under an implied duty either to reasonably notify the defendant of the intended time and place of the delivery to the carrier in order that the defendant might insure or indemnify himself against the risk, loss or damage to the rug while it was in the carrier's custody, or to declare the full agreed value of the rug to the carrier in order to protect the defendant against the risk of loss or damage while the rug was in the carrier's custody. He found and ruled that the plaintiff violated his duty to the defendant by limiting the declared value of the rug to $125, and that the plaintiff's breach of duty in this respect relieved the defendant of any liability to "reimburse" the plaintiff for any loss. It would seem, therefore, that the judge, in making these rulings, had in mind what was said in the case of *D. A. Schulte, Inc.* v. *North Terminal Garage Co.* 291 Mass. 251, 256, and that, in effect, he ruled that delivery by the plaintiff to the carrier did not amount to delivery to the defendant and acceptance by him.

In any event, the plaintiff cannot complain of the rulings that were given at his request, *Noble* v. *American Express Co.* 234 Mass. 536, 539, see *Horton* v. *North Attleborough*, 302 Mass. 137, 141, and we proceed to consider the case on the issue that has been argued by the plaintiff, that is, whether the plaintiff is barred from recovery because a limited valuation of the rug was declared to the carrier.

In substance, it is the plaintiff's contention that it was for the defendant to arrange for the contract of carriage himself or to instruct that the full agreed value of the rug be declared; that the transaction was not one of sale and that the assumption of risks of transit by the defendant was pursuant to his contract with the plaintiff.

It is apparent that the agreement was made in New

York, and our attention has been called to cases there decided. See *Smith* v. *Brown,* 302 Mass. 432, 433. In *Miller* v. *Harvey,* 221 N. Y. 54, the plaintiff sold to the defendant merchandise that was to be sent by express. The price was paid by the defendant in advance. The seller entrusted the merchandise to an express company without declaring its value. By the contract of carriage, the liability of the carrier was limited to $50 unless a greater value was declared and paid for, or agreed to be paid for at the time of shipment. The merchandise was lost in transit. The defendant notified the plaintiff of the loss and requested a duplicate shipment, which was made. The question was whether payment must be made again. In the opinion reference was made to the general rule that delivery to a carrier is delivery to the buyer, subject to some exceptions, only one of which was considered. This exception appears in the sales of goods act, as amended, found in this Commonwealth in G. L. (Ter. Ed.) c. 106, § 35 (2), where it is provided that, unless otherwise authorized by the buyer, the seller shall make such contract with the carrier on behalf of the buyer as may be reasonable, having regard to the nature of the goods and the other circumstances of the case. If the seller omits so to do, and the goods are lost or damaged in course of transit, the buyer may decline to treat the delivery to the carrier as a delivery to himself, or may hold the seller responsible in damages. It was said that this statute is declaratory of the rule at common law, and that the seller must not sacrifice the buyer's right to claim indemnity from the carrier. Reference was made to the cases of *Clarke* v. *Hutchins,* 14 East, 475, *Reid* v. *Fargo,* 241 U. S. 544, and other cases and leading text books. (See pages 56 and 57.) It was held that, tested by these principles, the plaintiff's case must fail, and it was said that the seller who puts the buyer at the mercy of the carrier must procure the buyer's approval or assume the risk himself. Judgment of the lower court directing a dismissal of the complaint was affirmed. See *Schlesinger* v. *Lennon,* 145 N. Y. Sup. 929; *Lopez* v. *Henry Isaacs, Inc.* 210 App. Div. (N. Y.) 601.

Our attention has been called to no case involving the precise issue that is presented in the case at bar, but we are of opinion that the reasoning in the *Miller* case is applicable. The findings of the judge are that the defendant did not authorize the plaintiff to limit the declared value of the rug as he did, and that, although the plaintiff was to ship the rug, he was unable to find that the delivery to the carrier was made pursuant to the defendant's request or direction. These findings, with others, present a case where the plaintiff delivered the rug, the value of which had been agreed upon as $1,800, to a carrier, expressly limiting the declared value to $125 when he knew that, by the terms of his agreement with the defendant, the latter was an absolute insurer of the rug to him. If the transaction had been a sale, it would seem that the plaintiff could not recover. The suggestion of the plaintiff that if the transaction were a sale the rights of the parties would depend upon the uniform sales act is met by what was said in the *Miller* case, that the section of the sales act involved is declaratory of the rule at common law. We think that the judge was right in deciding as he did on the ground that the limited valuation placed on the rug by the plaintiff prevented him from a recovery.

Although the plaintiff has not argued the specific rulings by which he claimed to be aggrieved and which were the basis of the report, we have examined them. Two of them were denials of requests based in part upon specifications of facts recited therein that were not found, that is, that the rug was delivered to the carrier "pursuant to the defendant's request." One was the denial of a request premised upon the fact that the carrier was designated by the defendant. The judge stated that he was unable to find that this was the fact. One was the denial of a request to the effect that there was no evidence that would warrant a finding that the plaintiff "validly limited the liability of the carrier." This was rightly denied. The other rulings, which appear to have been voluntarily made, by which the plaintiff claimed to be aggrieved, were as to the implied duty of the plaintiff to give the defendant notice of the time and

place when and where his liabilities as bailee would commence, and that the plaintiff violated his duty by limiting the declared value of the rug, and thereby relieved the defendant of any liability to reimburse him.  What has already been said disposes of these objections.

*Order dismissing report affirmed.*