Zottoli, J.
This is an action in which the plaintiff, Mary Dianne Tully, a minor, seeks to recover damages for personal injuries she received in a fall from a platform at the top of an outside common stairway. Idabel Tully, mother of the plaintiff, in a separate count in the declaration, seeks recovery for consequential damages arising from said accident.
At the trial there was evidence tending to show that the plaintiff’s mother, Idabel Tully, was a tenant at will of the defendant. The tenancy commenced in March of 1943 and extended to the date of the accident on March 31,1944. On the latter date the minor, Mary, “climbed the back stairway leading to a landing about seven stairs above the level of a cement passageway running alongside of the building to the back yard, and when she reached the top of the landing fell ... to the ground” and was injured thereby.
The plaintiff’s mother, Idabel Tully, in substance testified “that upon hiring the apartment from the defendant she examined the premises and that the entire premises *314 including the hack stairway which was used in common with two other tenants . . . was apparently in good condition. That just before her daughter’s fall, she (Idabel) saw the landing and railing and they looked like the rest and looked sound. That she saw her daughter climbing the back stairway to come into the house, that she turned to go to the sink . . . heard her daughter crying . . . immediately ran out to the yard . . . saw the rail forming a cross-member of the piazza being part of the back stairway on the ground. That later she examined the cross-member and found that it was rotted at the ends. That it was not an entire piece but was a portion of the whole cross-member which had either been pieced in or was added to. The outside of the piece of railing was cream color and the inside was fibrous, and instead of being a clean snap had the appearance of being rotted and the nails in the upper part of the frame remained in the frame. That it had the appearance of being strong and firm and she could not see the decay until the piece became detached. ’ ’
In answer to the plaintiff’s interrogatories to the defendant the defendant “admitted that she was the owner and in control of the premises” in question, that she “learned of the accident . . . immediately after it happened,” that she saw the “back stairway and landing of the premises . . .. every day”; that they were “in good condition . . . at the commencement of the tenancy,” that she saw “them every day,” that she inspected them on “March 30, 1944,” that on her last inspection the stairway was in “good condition”; that she “had the duty or obligation to keep the common stairway . . . safe for those — entitled to make use of them,” and that the “back stairway and its appurtenances right after the accident were ‘in good condition.’ ”
At the conclusion of the evidence the plaintiff duly presented six requests for rulings which the court treated as *315 hereinafter stated, and then found generally for the defendant. The plaintiff claims to be aggrieved by the court’s denial of her requests numbered 1, 4 and 6, and therefore only the denial of these requests are properly before us for review. But, though not properly before us for review, a comment with reference to the court’s action on requests numbered 2 and 5, which were granted, may serve a useful purpose. It is apparent that the second request to the effect, “That a landlord is obligated to keep a common passageway and its appurtenances in as good condition as they were or appeared to be at the time of the commencement of the tenancy under which tenancy this claim is made,” is too favorable to the plaintiff, and not sound as an abstract rule of law. See cases hereinafter referred to.
It is also obvious that the plaintiff’s fifth request to the effect, “That the defendant owed a duty ... to exercise reasonable care (italics ours) to keep that part of the premises remaining in the landlord’s control in the condition with respect to safety in which it was, or to a person of ordinary observation did appear to be at the time of the letting,” correctly states the rule in cases of this nature. These requests could have been properly denied as being inconsistent with each other, cf. No. 173659 of 1929 Hahn et al. v. Summer, Municipal Court of the City of Boston. However, the court having granted them, it is well settled that the plaintiff has no legal complaint because of the court’s action in so doing. Noble v. American Express Co., 234 Mass. 536, 539; Horton v. North Attleboro, 302 Mass. 137, 141; Deyrmanjian v. Palais, 311 Mass. 553, 555.
This brings us to a consideration of the plaintiff’s requests which were denied by the court. They read as follows :
“1. That on all the credible evidence and the law appertaining thereto, the plaintiff is entitled to a finding. 4. There was evidence from which it could be *316 found that the plaintiff was injured by reason of defect in the common stairway that the defendant in the exercise of due care could have discovered and remedied. . . . 6. That on all the credible evidence and the law appertaining thereto, the defendant is not entitled to a finding. ’ ’
The plaintiff’s first and sixth requests sought rulings on “all the credible evidence and the law appertaining thereto.” As they were not accompanied by specifications of the grounds on which they were based they did not conform to the requirements of rule 28 of this court, (1940) and the plaintiff is not entitled as of right to have the refusal by the trial judge" of those requests reviewed by this division, Duralith Corp. v. Leonard, 274 Mass. 397, 400 ; Magrath v. Sheehan, 296 Mass. 263, 264.
It is also clear that there>is no error in the judge’s denial of the plaintiff’s request numbered 4. The trial judge in dealing with the plaintiff’s requests numbered 3 and 5 found, “on the facts at the time of the injury there was no reason to believe on the part of the defendant that the premises were in any way defective”; and “that there was no reason to believe by the defendant on reasonable inspection that there was a defect.” It is clear from the evidence reported that these special findings were warranted. The evidence reported does not warrant the finding assumed in the fourth request, “that the plaintiff was injured by reason of defect in the common stairway that the defendant in the exercise of due care could have discovered and remedied.”
Moreover, even if there was evidence that the finding contended for was possible on the evidence, it is clear from the record that the fourth request became immaterial in view of the judge’s special findings, which are amply supported by the evidence reported. Himelfarb v. Novadel Agene Corp., 305 Mass. 446, 448; cf. Home Savings Bank v. Savransky et al., 307 Mass. 601.
*317 It follows that an order dismissing the report should be entered.
It may be useful to more specifically point out that the plaintiff’s contention in her brief that there was an absolute obligation on the part of the landlord “to maintain that portion of the premises over which he retains control in the same condition as they were or purported to be at the commencement of the tenancy,” is not sound. It is well established that, “in the absence, as here, of express agreement, a landlord owes a duty . . . to a tenant, and to persons using the premises in his right to exercise reasonable care (italics ours) to keep the part of the premises remaining in the control of the landlord in the condition with respect to safety in which they were, or, to a person of ordinary observation would appear to be, at the time of letting.” Fiorntino v. Mason, 233 Mass. 451, 454; Silver v. Cushner, 300 Mass. 583, 584, 585; Circiello v. Levine, 1944 A. S. 1123. The order therefore is,—
Report dismissed.