Cox, J.
This action of contract is in three counts for the same cause of action wherein the plaintiff seeks to recover from the defendants $1,252.75, that sum being the value of certain rugs consigned by the plaintiff to the defendants under a contract of bailment, which rugs, or the value thereof, it is alleged the defendants have failed to return or pay.
The parties on August 7, 1946 entered into a written agreement of bailment whereby rugs to the value of $7,346.00 were to be entrusted to the defendants for the purpose of sale in the ordinary course of business. Title to the rugs or proceeds from the sale thereof were to belong to the plaintiff. The plaintiff also reserved the right to possession at any time. By the terms of the agreement the defendants were to be absolute insurers from loss or damage by fire, theft or other causes. It was incumbent on the *106 defendants by the terms of the agreement to furnish to the plaintiff insurance coverage against such loss or damage.
Before actual delivery of the rugs to the defendants the plaintiff’s representative requested the insurance policy but the defendant Roger W. Kent stated he was unable to procure the required insurance coverage. At Kent’s request, however, the plaintiff’s authorized representative agreed to obtain the necessary insurance at the defendants ’ expense. Kent further stated that as soon as the defendants could place their own insurance on the rugs the policy would be mailed to the plaintiff. Thereupon, the rugs were delivered to Kent in behalf of the defendants. Thereafter, the plaintiff insured the rugs against loss by fire, theft or other causes as requested by the defendant Kent and sent a bill to the defendants for $37.00, coverage for one month, which the defendants paid. The annual premium was $200.
Shortly after delivery of the rugs to the defendants their place of business was broken into and some of the rugs of the value of $3,252:75 were stolen. At the plaintiff’s request other rugs still in the defendants’ possession were returned to the plaintiff. At the time of the theft the only insurance in effect was that obtained by the plaintiff at the defendants’ request and under that policy the plaintiff accepted $2,000.00 from the insurance company in settlement for the loss and has credited the same to the defendants’ account. This action is to recover $1,252.75 representing the balance of the value of the stolen rugs not paid for by the defendants.
The plaintiff duly filed four requests for rulings of law. The first, that the agreement entered into by the parties constitutes a bailment, was granted. The second, that under the agreement the defendants assumed the liability of an insurer, was denied by the judge who made the following *107 notation: “I find that there was a substituted agreement in relation to insurance.” The third request was to the effect that being insurers the defendants were liable without proof of negligence on their part for the return of the rugs or for payment of the value thereof. The fourth request was that the insurance carried by the plaintiff and the payment by the insurance company is not a defense to this action. The third and fourth requests were “Denied on facts. ’ ’ The judge found for the defendants.
The plaintiff undertook to procure insurance against loss from fire or theft and received more than adequate payment of $37.00 from the defendants for insurance coverage for one month. Under those circumstances the judge was right in finding that there was a substituted agreement in relation to the insurance and in deciding the case in the defendants’ favor. The responsibility for procuring full coverage had become the plaintiff’s responsibility. Therefore, the plaintiff cannot now be heard to complain that the coverage was inadequate. The defendants are not to be charged with the result of the plaintiff’s failure to insure the rugs adequately against theft. The written agreement of August 7, 1946 was modified by the oral agreement between the parties relating to the insurance, as the judge found. The oral agreement was made before delivery of the rugs and therefore before any breach of the written agreement by the defendants. The law permits this. Zlotnick v. McNamara, 301 Mass. 224; Cohen v. Homonoff, 311 Mass. 374. See also Kennedy v. B. A. Gardetto, Inc., 306 Mass. 212, 216, relating to limitations on the ordinary duties and responsibilities of bailees by agreement of parties.
This case is governed in principle by the case of Deyrmanjian v. Palais, 311 Mass. 553, in which it appears that under ;a similar written agreement of bailment an oriental rug’ *108 valued at $1,800.00 was to be shipped to Palais who, like the defendants in the case at bar, undertook to be the absolute insurer of the merchandise. For the purpose of delivering the rug to Palais the dealer delivered it to a carrier under a straight bill of lading, freight charges collect, and made a declaration to the carrier of the value of the rug, expressly limiting it to $125. The rug was lost or stolen on the day of its delivery to the carrier and while it was in the carrier’s custody. It was found that Palais did not authorize the dealer to limit the declared value of the rug as he did, and that, although the dealer was to ship the rug, delivery to the carrier was not made pursuant to the defendant’s request or direction or even with his knowledge. The court held that the judge was right in deciding for Palais on the ground that the limited valuation placed on the rug by the dealer prevented a recovery by him. The similarity of the cases is manifest. In each case the loss was directly attributable to the bailor due to an important delinquency on his part.
The decision of the judge, based as it was on a substituted agreement relating to insurance, renders immaterial and inconsequential the third and fourth ruling of law requested by the plaintiff. The first request having been granted raises no question for our consideration. Deyrmanjian v. Palais, 311 Mass. 553, 555.
As no error of law has been shown, the report is to be dismissed.