Zottoli, J.
This is an action of contract in which the plaintiff seeks to recover the balance due under the terms of a negotiable promissory note.
At the trial there was evidence tending to show that on January 6, 1949, the defendant borrowed $859. from the plaintiff and gave it his promissory note for $859., payable in monthly installments of $64.27, the first such installment becoming due February 5, 1949. The defendant borrowed the money for the purpose of financing the purchase that day of an automobile for the price of $1,380. To secure the loan the plaintiff on January 5, 1949, took- a chattel mortgage . on the automobile. Pursuant to the. terms of said mortgage the automobile was insured by- the defendant *52 against theft and damage. The policy provided that “any loss” thereunder was “payable as interest may appear” to the defendant and the plaintiff.
The defendant’s note, above referred to, in so far as is material, in substance provided that if any installment therein mentioned was not paid when due, then the entire unpaid balance — at the option of the holder of the note became immediately due and payable.
The evidence reported, further tended to show the defendant failed to pay the first installment Avhich became due and payable on February 5, 1949. On February 12, 1949, the defendant informed the plaintiff’s loan manager that the mortgaged automobile had just been stolen. The plaintiff’s loan manager told the defendant that the first installment on the note was overdue and asked the defendant to pay it. The defendant refused to pay the overdue installment and said that “he would not make any payment on the note.”
On or about March 1, 1949, the said automobile was discovered in a badly damaged condition, in Providence, Rhode Island. On March 11, 1949, the plaintiff notified the defendant that “it had repossessed the automobile and that the defendant could regain possession thereof by paying $859. plus expenses of repossession,” and that “if the full balance were not paid the automobile Avould be sold. ’ ’
The report further states that there was evidence that shortly after recovery of the automobile the plaintiff entered into negotiations with the insurer on the question of how much the insurer should pay under the terms of the policy above mentioned. “The estimated cost of repairs to' the automobile was $515.25. Though the plaintiff tried to persuade the insurer to pay as damages an amount which‘would approximate the face of the note, the insurer 'refused' to pay'inore than said estimated cost of repairs.” *53 On May 16, 1949, the plaintiff received from the insurer of the automobile a check, payable to the plaintiff, in the sum of $515.25, in settlement of its claim for damages thereto, and applied this sum in reduction of the defendant’s loan. Though his assent to the said settlement had been requested by the insurer prior thereto, the defendant refused to give his approval thereof. On July 8, 1949, the plaintiff sold the automobile for a price of $560. This price was made up of $45. cash, plus cancellation of a bill for repairs on said automobile in the amount of $515. The plaintiff applied the net proceeds in reduction of the balance due on the defendant’s loan.
The report further sets forth that there was evidence tending to show that “at the time the automobile was purchased by the defendant on January 5, 1949, for a price of $1,380., it had a market value of $900. At the time of its sale on July 8, 1949, said automobile had a market value of between $500. and $600. Between the dates of such purchase and sale there was a very substantial decline in the market values of all used cars,” that during this period “the bottom dropped out of the used-car market.”
On July 26, 1949, the plaintiff received from the insurer of the automobile a return premium in the amount of $38.22, which it “applied in further reduction of the defendant’s loan,” and this brought the unpaid balance on the note to $312.59.
It also appears from the report that the court found specially as follows: — “I find that the plaintiff did not protect defendant’s interest in making settlement with insurance company. I find that at time defendant’s car was stolen it was worth at least as much as the balance due on the note. I find that under theft policy the plaintiff should have collected value of car when it was stolen. I find that in settling with insuranóe company for $515., the plaintiff did not protect defendant’s interest.”
*54 It further appears from the court’s comment in treating the defendant’s request number 4 that it found “the plaintiff did not use diligence in settling claim with insurance company,” and further, in dealing with the defendant’s request number 5 the court ruled that the plaintiff “was obliged to use reasonable diligence in protecting defendant’s interest.”
At the close of the evidence, the plaintiff duly filed fourteen requests for rulings. Seven of these requests were granted and therefore need not be considered. It is familiar law that ordinarily a party cannot complain of rulings granted at his request. Korb v. American Carpet Cleaning Co., 301 Mass. 317, 318; Noble v. American Express Company, 234 Mass. 536, 539; Deyrmanjian v. Palais, 311 Mass. 553, 555.
The plaintiff claims “to be aggrieved by the refusal of the court to grant its requests for rulings numbered 4, 5, 8, 11, 12, 13 and 14, and by the ruling given by the court in connection with its denial of the fifth request. ” It is to the court’s treatment of these requests that our review is confined. We cannot accept the invitation of the parties to consider the case at large. Reid v. Doherty, 273 Mass. 388; Armburg v. Boston & Maine Railroad, 276 Mass. 418, 428; Langdoc v. Gevaert Co. of America, Inc., 315 Mass. 8, 11, 12; Sreda v. Kessel, 310 Mass. 588,. 589.
At the argument before this division the plaintiff conceded, and we think rightly so, that- requests numbered 8, 11, 12 and 13 were rendered immaterial by the special finding that the -sale of the automobile “was proper.” They were rightly denied. Wilson v. Birkenbush, 305 Mass. 173, 175.
There" is no error in the court’s treatment of request numbered 4. " ".This request and the court’s disposition of it Is as follows: “Settlement by the plaintiff of its claim *55 against the insure]1 and application of the proceeds in reduction of the defendant’s loan did not prejudice or affect any rights of the defendant with respect to the insurer. Disposition: ‘No. I find that the plaintiff did not use diligence in settling claim with insurance company. ’ ’ ’
It is obvious that this request was also rendered immaterial by the special finding relating to its disposition and therefore was rightly denied. Wilson v. Birkenbush, 305 Mass. 173, 175. Furthermore, this request deals with only a “fragment” of the evidence, not decisive as matter of law of the case, and for this reason also was properly denied. Barnes v. Berkshire St. Ry., 281 Mass. 47, 50, 52; Tookmanian v. Fanning, 308 Mass. 162, 168.
Bequest numbered 5, and its treatment by the court is as follows: — “It was not the duty of the plaintiff to commence legal action against the insurer in an effort to obtain a larger settlement of its claim. Disposition: ‘No. The plaintiff was obliged to use reasonable diligence in protecting defendant’s interest.’ ”
This request was also rightly denied. It is apparent from the court’s comment in denying this request that it correctly stated the law applicable to all the facts found by the court in its special findings. The trial judge was not required to single out a fragment of the evidence, not decisive as matter of law and deal with it by itself. Barnes v. Berkshire St. Ry., supra; Tookmanian v. Fanning, supra.
The plaintiff has no legal grievance because of the court’s denial of his request numbered 14, which reads as follows: “On all the evidence the plaintiff is entitled to recover.” It was possible to make requests containing specifications touching the points argued by the plaintiff, and there was no compliance with Buie 28 of the Municipal Court of the City of Boston (1940). Wainwright v. Jackson, 291 Mass. 100, 101, 102; Magrath v. Sheehan, 296 Mass. 263, 264; *56 Duralith Corp. v. Leonard, 274 Mass. 397, 400; Dellamano v. Francis, 308 Mass. 502, 503.
What has been said disposes of the plaintiff’s alleged grievances that have been reported by the trial judge. Since no error appears from the court’s treatment of the plaintiff’s requests for rulings it follows that an order be entered of report dismissed. But it may be useful in passing that order to point out that from what appears in the plaintiff’s brief, its real desire is to have the correctness of the general finding reviewed by this division. Such a review is not permissible on the report which is before us. It is well settled that the correctness of a general finding made upon oral evidence by a judge hearing a case without a jury cannot be brought before an Appellate Court for determination by an exception or claim of report taken after the trial has ended, and this is true although the finding contains an implied ruling that it was warranted on the evidence. There must be a separation of facts from the law in order to determine if a general finding was permissible in accordance with the law on the facts found. Unless the facts are found, or it is agreed as to what they are, and the matter is submitted as- a question of law, the Appellate Court will not review whether a general finding is permissible. Stowell v. H. P. Hood & Sons, Inc., 288 Mass. 555; Carney v. Cold Spring Brewing Co., 304 Mass. 392; Lakeville v. Cambridge, 307 Mass. 433; Sreda v. Kessel, 310 Mass. 588; Langdoc v. Gevaert Co. of America, 315 Mass. 8, 10.
The rule is well established that a claim of report to a general finding does not raise the question whether it is warranted upon all the evidence. Baker v. Davis, 299 Mass. 345; Looby v. Looby, 303 Mass. 391. Where, as here, the alleged grievance is one set up, for the first time, in the plaintiff’s brief, it follows that the question whether the *57 general finding is warranted is not before us. However, despite the fact that the plaintiff saved no rights as to the correctness of the general finding, nevertheless we may point out that we have examined the alleged grievances pertaining to the general finding and have come to the conclusion that even if the alleged errors had been properly saved, the general finding was warranted and no error appears relating thereto.
Report dismissed.