*Municipal Court of the City of Boston*

No. 384740

**HENRY McCLINTOCK**

v.

**CHARLES SHEEHAN**

(June 30, 1955)

*Gillen, J.* This is an action of contract in which the plaintiff seeks to recover for gasoline alleged to have been sold and delivered to the defendant.

There was evidence from which the trial judge (*Lewiton, J.*) could have found that the plaintiff operates a gasoline station in Boston; that for a year or more the defendant was a customer of the plaintiff, from whom the defendant purchased gasoline and oil for the defendant's truck and pleasure car; that the plaintiff gave the defendant credit on these purchases of gasoline and oil and had him sign slips; that between February 2, 1953 and April 10, 1953 the plaintiff delivered gasoline and oil—in the amount of $189.36 to the defendant, of which some went into his truck and some into his pleasure car; that the plaintiff did not know at any time that he was dealing with a corporation; that the defendant did

not mention any corporation to the plaintiff at any time; that he did not sign any sales slips in the name of the corporation but always signed "Sheehan"; that the defendant told the plaintiff that when an insurance company settled certain claims he had he would come in and pay the bill.

The trial judge found for the plaintiff in the amount of $189.36.

There was other evidence in the report and the defendant stresses it—that the truck had words, "Atlantic Hauling, Inc." on its side; that the defendant was president of Atlantic Haulers, Inc; that the truck was the property of the corporation and the plaintiff accepted in payment of the gas and oil checks drawn by Atlantic Haulers, Inc. and signed Rita Sheehan, Treasurer, she being the wife of the defendant.

The defendant claims to be aggrieved by the action of the trial judge on three requests for rulings of law. They follow with the action of the trial judge thereon.

1. There is no evidence of any order by the defendant in his individual capacity for the purchase of gasoline from the plaintiff. Denied.

3. That the evidence warrants a finding that the Atlantic Haulers, Inc. contracted for the purchase of gasoline from the plaintiff. Warranted but not required.

6. That the evidence is insufficient to sustain a finding against the defendant. Denied.

As to request No. 3 it is a sufficient answer to say it is well established that a party cannot complain of a ruling that has been given at his request.

*Deyrmanjian v. Palias,* 311 Mass. 553.

If the defendant was in fact, acting as agent of the corporation, he is not liable as a party to any contract made by him while so acting, unless he failed to disclose his agency or his principal, or intended to be a party. *Rochford v. Atkins,* 213 Mass.

368. We find no error in the denial of the other two requests. There was abundant evidence that the gasoline and oil was purchased by the defendant. Credit was given to him personally; he agreed to pay for the gasoline and oil; he signed the sales slips personally in the name of "Sheehan". It does not appear that he at any time requested that credit be given to the corporation, nor did he ask to have the purchases billed to the corporation. *Hammond Coal Co., v. Lewis,* 248 Mass. 499. The evidence clearly supported the conclusion of the trial judge notwithstanding the fact that there was evidence to the contrary. *Godfrey v. Caswell,* 321 Mass. 161. No error appearing, the order is

*Report dismissed.*

Frederick Cohen, for the plaintiff.
David G. Murphy, for the defendant.