ALVIN FISKE *vs.* JOSEPHINE BALLOU.

Franklin.    September 19, 1928. — October 8, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* What constitutes. *Evidence,* Competency. *Pleading, Civil,* Declaration. *Practice, Civil,* Argument to jury, Charge to jury.

The declaration in an action of contract contained allegations that the plaintiff made a certain agreement with the defendant, which the defendant failed to perform. At the trial, there was testimony by the plaintiff in direct examination in support of such allegations. The trial judge admitted in evidence a writing, signed by the defendant only, which the plaintiff's counsel stated he offered "as corroborative evidence," and which contained a part only of the agreement relied on by the plaintiff. The plaintiff testified in cross-examination that there was no other agreement except as set out therein. The declaration did not set forth a copy or the legal effect of such writing. The defendant contended that there was failure to comply with G. L. c. 231, § 7, cl. 11. *Held,* that

(1) The writing properly was admitted in evidence; it was for the jury to say what the agreement was in view of the plaintiff's testimony in direct examination;

(2) The plaintiff's cause of action not being upon the writing, the declaration was in proper form.

A statement by counsel for the plaintiff in his argument to the jury at the trial of an action, explaining an amendment to the declaration, and telling the jury "that they are to go by the amended declaration and not by the original one," was proper under G. L. c. 231, § 87.

No error appeared in the charge to the jury at the trial of an action for breach of an agreement, where the judge stated that the plaintiff asserted that certain payments were to be made to him weekly, and that it was for the jury to say what the testimony was, although the judge said, "It was agreed that . . . [the plaintiff] should have his money weekly"; the quoted words must be construed in connection with the previous statements by the judge.

CONTRACT.  Writ dated April 26, 1926.

By the first count of his declaration, as amended, the plaintiff sought to recover $293.90 upon an account annexed, the items being for a balance found due to the plaintiff upon an accounting between the parties on March 13, 1926, and for cutting hemlock for the defendant between March 15 and March 20, 1926, at $12 per thousand, the plaintiff crediting the defendant with a certain amount of pine lumber received by the plaintiff at $9 per thousand.  The allegations of the second count are stated in the opinion.  The items in the account annexed to that count amounted to $387.50 and were for loss of profits on the sale of pine lumber and loss of profits on "cutting, hauling to mill, sawing and sticking up . . . hemlock, chestnut and hard wood . . . ."

In the Superior Court, the action was tried before *Irwin*, J. Material evidence and a portion of the judge's charge to the jury are described in the opinion.  Counsel for the plaintiff in his argument to the jury explained the amendment to the declaration and told the jury "that they are to go by the amended declaration and not by the original one."  The instrument in writing referred to in the opinion was as follows:

"ARTICLE OF CONTRACT between Josephine Ballou of the first part and Alvin Fiske of second part.  I of the first part agree to sell to said Fiske all the white pine, hard pine, and poplar, top logs and all other to be used for lumber down to four inches at nine dollars per thousand.  Statement and pay for the same made weekly.  And said Alvin Fiske, in lieu of the money balance on said lumber at nine dollars per thousand is to manufacture from stump to stick on the two lots known as the Lock-hill lot and Pratt lot into good salable lumber and warranted to hold out in measure when sold in market.  And five per cent of said to be held back as guaranty of said lumber.  All work to be done in good workmanlike manner and to my entire satisfaction.  Josephine Ballou."

At the close of the plaintiff's evidence, the judge denied a motion by the defendant that a verdict be ordered in her favor, and there was a verdict for the plaintiff in the sum of $817.44.  The defendant alleged exceptions.

*W. M. Quade*, for the defendant.

*W. A. Davenport,* (*W. L. Davenport* with him,) for the plaintiff.

CARROLL, J.   Under the first count of the declaration the plaintiff sought to recover upon an account annexed in the sum of $293.90.   Under the second count he alleged that he entered into a contract with the defendant by which she agreed to pay him the sum of $12 "per thousand for cutting, hauling to mill, sawing and sticking up the hemlock and hard wood" on certain wood lots and "to pay the plaintiff weekly for all lumber so stuck up by the plaintiff"; and that the defendant has failed to make payments in accordance with the contract to the damage of the plaintiff.   The answer was a general denial.

The plaintiff introduced a writing signed by the defendant wherein it was stated that the defendant agreed to sell to the plaintiff "all the white pine, hard pine, and poplar, top logs and all other to be used for lumber down to four inches at nine dollars per thousand.   Statement and pay for the same made weekly."   This writing also contained other provisions.   The plaintiff testified that settlements were made weekly; that the plaintiff paid for the pine lumber, and the defendant agreed to pay him "$12 for cutting the other stuff from the stump, putting it through the saw and putting it on the sticks"; that on March 13, 1926, it was agreed that $44 was due the plaintiff, and that the defendant had failed to pay this sum; that the next week the plaintiff sawed about twenty-five thousand seven hundred feet of lumber, and there was then due him the sum of $293, which was not paid. There was also testimony as to the damages sustained by the plaintiff.

The defendant excepted to the admission of the written memorandum referred to in evidence, her contention being that, under G. L. c. 231, § 7, cl. 11, written instruments shall be declared on by setting out a copy or such part as is relied on or the legal effect thereof with proper averments to describe the cause of action.   The written statement was not signed by the plaintiff, it did not set out the entire contract which the plaintiff testified he made with the defendant, and, although the plaintiff in cross-examination admitted that

there was no other contract except as set out in the writing, it was for the jury to say what the contract was in view of his testimony on direct examination and the testimony showing the amount of pine and hemlock lumber sawed on the week of March 15 to 20, 1926.  In addition to this the plaintiff's counsel stated that he offered the memorandum solely "as corroborative evidence of the witness."  As the plaintiff's action was on the oral and not the written contract the declaration was in proper form.

The defendant also contends that, in his argument to the jury, the plaintiff's counsel improperly referred to the pleadings.  There is nothing in this exception.  All the reference to the pleadings made by counsel was to indicate that he relied on the amended declaration and not on the original one.  No contention was made that the pleadings were evidence.  G. L. c. 231, § 87.

We find no error in the charge to the jury.  They were told that the plaintiff asserted that payments were to be made weekly, but they were distinctly told that it was for them to say what the testimony was; and although the judge did say " It was agreed that he [the plaintiff] should have his money weekly," this must be construed in connection with what had been previously said, namely, that it was for the jury to determine what the testimony was.  There was no error in the conduct of the trial.

*Exceptions overruled.*