No. 2900        Northern .        Middlesex, ss.

PASTORE                        (Dwight L. Allison)
v. ENIO PASTORE, Trustee of PASTORE REALTY
     TRUST                        (Roy C. Papalia)

From the Second District Court of Eastern Middlesex—
Crafts, J.

Argued May 5, 1941—Opinion Filed August 18, 1941

━━━━━━━━

HENCHEY, J. (Jones, P.J., & Pettingell, J.)—In this action of contract the plaintiff seeks to recover $430 for sixty-five days of work and labor performed by him at the rate of $7

per day and interest. The trial judge found for the plaintiff in the sum of $235. The case is here on the defendant's claim of being aggrieved by the trial judge's refusal to grant certain of his requests.

It was agreed that some work was performed on the house and land at No. 260 Roslindale Avenue, Roslindale, Massachusetts, title to which stood in the name of Enio Pastore, Trustee of the Pastore Realty Trust.

The plaintiff testified that about April 15, or 16 (he later changed this to April 28, or 29, or May 1), he made an agreement with the defendant, his son, to "take care of the job" for $7 per day; that he worked sixty-five days and had been paid by the defendant $9 on one occasion and $25 on another occasion; that on many occasions he asked the defendant for money; that on July 15, 1939, he wanted to quit the job, but he sent one Bob Richmond to settle the matter with the defendant.

On cross-examination he testified that the agreement of employment was made in Boston in April or May, 1939, although in his answers to interrogatories he stated it was made in Watertown in April, 1939; that the agreement was oral and no one, other than himself and the defendant, was present when it was made. He also testified that he purchased various building materials, using his own discretion as to the type and quantity, and did not make known to the sellers his exact capacity, whether as owner or agent of the owner; that several bills (which he identified as being issued in connection with the work in question) showed him as the purchaser; and that he hired all of the employees on the job and did not make known to them whether he acted as owner or as an employee of the defendant.

The trial judge filed a "Memorandum of Decision" in which, among other things, he stated "that the plaintiff was hired by the defendant to perform work and labor upon the said house at the rate of $4 per day, that he performed said work and labor for sixty-five days, and the amount due him for such work and labor was $260, of which $25 has been paid, leaving a balance due . . . of $235.

The only question before us on this appeal is the correctness of the trial judge's ruling in denying certain of the defendant's requests, three to the effect that the plaintiff has failed to prove a case against the defendant, and one to the effect that "upon all the evidence" the court could find that the plaintiff and defendant were engaged in a joint enterprise as partners. This latter request was refused "in view of findings."

We need not consider the request as to the joint enterprise inasmuch as it was a request for a ruling "upon all the evidence" and was without specification as required by Rule 27 of the Rules of the District Courts (1940). Nor can it be said that the defendant's rights were prejudiced, for the trial judge made it clear that requests called for a finding contrary

to the finding which he was making. *J. O. Pierce Co.* v. *Wallace*, 251 Mass. 383.

It appears to us that this is a case involving an oral contract of employment. There is much conflicting evidence. In such a case it becomes a question of fact whether any agreement exists and what are the terms of that agreement. *Blockall et al.* v. *Ballou*, 264 Mass. 530. It is not our function to review the findings of fact made by the trial judge. *Loanes* v. *Gast*, 216 Mass. 197. The trial judge has found that the defendant hired the plaintiff to do certain work at a stated amount. There is evidence to support that finding; therefore it must stand. *Seager* v. *Drayton*, 217 Mass. 571; *Schon* v. *Odd Fellows Building Assn.* 255 Mass. 465 (25 BTL 176).

We cannot take into consideration the fact that there were more witnesses who testified in favor of the defendant's contention than in favor of the plaintiff's. It is for the trial judge to determine where the truth lies in conflicting evidence; to determine the weight to be given to the evidence; and to believe or disbelieve any part of the evidence. *McGaffigan* v. *Kennedy*, 302 Mass. 12; *De Francisco* v. *Heath*, Mass. Adv. Sh. (1940) 1283.

Report dismissed.