LEWITON, J.
In this action of contract, the plaintiff seeks to recover a deposit of $1,000.00 which it gave to the defendant on an agreement for the transfer of a liquor license from the defendant. There was a finding .for the defendant. The case is here on a report of the denial of certain requests for rulings.
The trial judge could have found that on October 17, 1947, one Herbert Soble, president of the plaintiff corporation, met and conferred with one Charles Ernest, treasurer of the defendant corporation, in reference to the sale of a liquor license owned by the defendant; that Ernest advised Soble the lease of the premises then occupied by the defendant was to expire on November 30, 1947, the defendant would have to vacate them on that date, and it desired to sell its liquor license, under which it was conducting its business on said premises; that Soble said he was interested in the license, and when asked by Ernest whether he had another location to which the license might be transferred, Soble replied that that was his [Sable’s] business; that an agreement was thereupon made between the plaintiff and defendant corporations, acting through Soble and Ernest, respectively, under the terms of which the defendant agreed to transfer its liquor license to the plaintiff for use at a location to be furnished by the plaintiff, for which transfer the plaintiff agreed to pay the defendant $12,500.00; that when the said agreement was made, the plaintiff paid $1,000.00 as a deposit, the balance to be paid “upon conclusion of the deal on or before October 30, 1947”; that the defendant retained counsel to cooperate with the plaintiff’s attorney in having the license transferred to the plaintiff; that defendant’s counsel went to the appropriate local licensing board and obtained application blanks for transfer of its license to the plaintiff, and on several occasions prior to October 30, 1947, defendant’s counsel asked the attorney for the plaintiff to give him the designation of the location to be inserted in the application for transfer; that despite these requests, no- such location was ever furnished to the defendant by the plaintiff; that unless such location was furnished, to be inserted in the application for transfer, the transfer of the license could not be effected; that the de *[30] fendant was ready to go ahead with the matter of transfer if the plaintiff would furnish a location, but this the plaintiff did not do at any time; that on October 30, 1947, counsel for the defendant met with Soble at the office of the plaintiff’s attorney, at which time the latter said he wanted to make a tender and asked for the license; that counsel for the defendant then stated that it was obviously impossible to comply with that request, but that he had the application blanks with him, ready to insert the location, if furnished, so as to proceed with the transfer.
The trial court could also have found that the defendant was at all times ready, able and willing to take appropriate action to have the license transferred to the plaintiff, if a location were furnished by the plaintiff; that at the end of November 1947, in order to preserve its license, the defendant filed an application for its transfer to a new location procured by the defendant; that the defendant still owns the license and has never transferred the same, other than as above stated; and that from November 30, 1947, and throughout 1948, the license was not actively used.
The plaintiff duly submitted requests for rulings, of which the following were denied:
“15. There is insufficient evidence to warrant a finding that the defendant corporation fulfilled its agreement with the plaintiff corporation.
“16. There is no evidence to warrant a finding that the plaintiff breached its agreement with the defendant corporation.”
In our opinion, they were properly denied. '
The following appeared on the $1,000.00 check given to the defendant when the agreement was made :
“Deposit for the purchase of liquor license of The Sea Grill, Inc., 18 Boylston St., Cambridge, Mass. Terms — $12,500 against which this deposit of $1,000 is to be applied — balance to be paid upon conclusion of the deal on or before October 30th, 1947.”
The trial judge correctly determined that the foregoing memorandum did not constitute the entire agreement between the parties, and that paroi evidence was admissible to establish all of the terms of the agreement. Kelley v. Arnold, 1950 A. S. 1347, 1350; Kesslen Shoe Co. v. Philadelphia F. & M. Ins. Co., 295 Mass. 123, 129, 131. The testimony being conflicting, it was for the court to determine, as a *[31] fact, what the terms were. Blackball v. Duthie-Strachan, 258 Mass. 551, 553; Fiske v. Ballou, 264 Mass. 530, 553.
In the present case, the trial judge found that although the parties agreed to conclude the transaction on or before October 30, 1947, a condition precedent to the defendant’s duty to transfer the license was the furnishing of a location by the plaintiff to which the transfer might be made. This finding was clearly warranted by the evidence. Moreover, while the report contains no evidence or finding of an express promise by the plaintiff to furnish a location for insertion in an application for transfer, such a promise could reasonably be implied from the reported evidence. “If the situation is such that the cooperation of one party is an essential prerequisite to the performance by the other, there is not only a condition implied in fact qualifying the promise of the latter, but also an implied promise by the former to give the necessary cooperation.” Gosline v. Prince Macaroni Mfg. Co., 241 Mass. 550, 554; Gray v. Currier, 252 Mass. 78, 82; Restatement; Contracts, § 395, Comment C.; Williston, CONTRACTS (Rev. Ed.) vol. 3, § 677.
The court ruled, as requested by the plaintiff, that time was of the essence in this contract, and the plaintiff is of course bound by that ruling. Deyrmanjian v. Palais, 311 Mass. 553, 555; Noble v. American Express Co., 234 Mass. 536, 539.
Since it is undisputed that the plaintiff did not comply, within the time specified in the agreement for performance, with what could properly have been found to have been its obligation to furnish necessary information with respect to a new location to be inserted in an application for transfer of the license, the court properly denied Request No. 16, that there was no evidence to warrant a finding of a breach by the plaintiff.
In view of the permissible findings with respect to the terms of the agreement between the parties, and the statutory provisions requiring publication of notices of applications for transfer of licenses, plaintiff’s attempted tender on October 31, 1947, and its demand for transfer of the license on that date, were meaningless gestures. G. L. (Ter. Ed.) c. 138, § § 15A and 23.
Hartstone & Hartstone, Attys. for Deft.
The court having found that the defendant’s obligation to file an application for transfer of its license to the plaintiff was subject to the condition precedent that the plaintiff furnish a location to be inserted in such an application, the plaintiff cannot complain of the defendant’s failure to file the application, where the plaintiff failed to furnish the location. Suburban Land Co., Inc. v. Brown, 237 Mass. 166, 167; Wallis v. Inhabitants of Wenham, 204 Mass. 83; Rigs v. Sokol, 318 Mass. 337, 345; Eliot Nat. Bank v. Beal, 141 Mass. 565, 568; Williston, CONTRACTS (Rev. Ed.) vol. 3, § 677; Restatement: Contracts, § 295.
There was ample evidence that the defendant obtained the appropriate forms of application and repeatedly sought the necessary data concerning a location from the plaintiff, and expressed its readiness and willingness to proceed with the transfer as soon as such information should be furnished by the plaintiff. That being so, the court was not required to grant the requested ruling (No. 15) that there was insufficient evidence to warrant a finding that the defendant “fulfilled its agreement.” Gosline v. Prince Macaroni Mfg. Co., 241 Mass. 550, 554; Gray v. Currier, 252 Mass. 78, 82.

Report dismissed.