Thomas **ANNUNZIATA** and Estelle Annunziata

v.

The **FIRST NATIONAL BANK OF BOSTON** and Julius Kaplan.

Civ. A. No. 57–928–A.

United States District Court
D. Massachusetts.

Dec. 18, 1957.

Solomon Mondlick, Boston, Mass., for plaintiff.

Bingham, Dana & Gould, Joseph H. B. Edwards, Abraham Margolis, Boston, for defendant.

ALDRICH, District Judge.

This is a motion to dismiss. Plaintiff alleges that Fred Pittera Associates, Inc., hereinafter called Associates, had a checking account with the defendant bank; that by vote of the Associates, of which the bank was duly notified, checks could be drawn on its behalf by the defendant Kaplan, but only if countersigned by the plaintiff; that by separate agreement, of which it does not appear that the bank was informed, Associates

was obligated to pay to plaintiff its net profits, after deducting certain expenses; that Kaplan prepared checks for "fictitious creditors," and delivered same without the plaintiff's signature; that the bank subsequently honored the checks, and that Associates' bank account was thereby depleted, and that plaintiff was consequently unable to obtain the net profits of Associates to which he was entitled.

■ The honoring of these checks was, on this showing, a wrong to Associates. Associates did not complain or protest within the year, as required by Mass. G.L. (Ter.Ed.1932) Ch. 107, § 46. So far as the bank is concerned the plaintiff can be in no better position than the depositor, even though, as counsel stipulated, he, as distinguished from Associates, gave written notice to the bank within the year. The plaintiff, as a creditor of the depositor, had no independent rights against the bank for negligence, at least in the absence of a failure to comply with Mass. G.L. Ch. 167, § 49, even though his countersignature was required upon the checks. His action against the bank must be dismissed.

■ With respect to the defendant Kaplan it is not specifically alleged that he knew of plaintiff's profit agreement with Associates, or that he knew the payees of the checks were not bona fide creditors. However, plaintiff asserts that Kaplan first drew checks on which he obtained his co-signature, and then destroyed those checks and issued others without it. Under these circumstances it may be that Kaplan was attempting to wrong some one other than the corporation, e. g., the plaintiff. Absent direct proof of this, the plaintiff could not recover. Cf. Keene Lumber Co. v. Leventhal, 1 Cir., 165 F.2d 815. I will not permit the case to go to trial on such a hazy or ambiguous complaint, but will permit one more amendment as against Kaplan. Since there have already been two arguments on defendant's motion to dismiss, and one amendment, this will be the last.