Pino, J.
In this action, the plaintiff, Ralph Dimonda, seeks to recover money which he says the defendant, Freedom Federal Savings and Loan Association (“Freedom”) *149 and the defendant, First National Bank of Boston (“First’ ’) owe him under the theory of money had and received, and under the provisions of the Uniform Commercial Code.
The plaintiff was a depositor with Freedom. He withdrew from his account the sum of $2,500.00. This withdrawal was evidenced by a cashier’s check drawn by Freedom upon the First. At the request of the plaintiff, the check was made payable to one Spallieri Francesco, an Italian national who has been in Italy continually.
The plaintiff entrusted the check to John Grasso, an employee of Stabile & Co. Travel Agency (“Stabile”), with instructions to mail the check to Spallieri in Italy. Grasso forged Spallieri’s endorsement and cashed the check at the First.
Eventually, the plaintiff brought suit against Freedom, First, Grasso, and Stabile.
Freedom and First filed Motions to Dismiss. After hearing, the motion of Freedom was allowed and that of the First was denied. The court’s action on both these motions is the subject of the report requested by DiMonda and the First.
The motion of Freedom was properly allowed. The allegations which the plaintiff set forth in his complaint indicate that the defendant, Freedom, followed his instructions and issued a check as ordered by the plaintiff. Freedom was the drawer of the check. The plaintiff relies on M.L.G.c. 106, § 3-406 which protects “holders in due course” against certain acts of “ a drawee or other payor. ’ ’ The court recognizes that the right to collect a negotiable instrument is only in the “holder” of that instrument. M.G.L.c. 106, § 1-201 (20) declares that a holder “means a person who is in possession of a document of title or an instrument or an investment security drawn, issued, or endorsed to him or to his order Or to bearer or in blank. ’ ’ The plaintiff in this action is not a party to the instrument in issue, neither as payee nor drawer. The payee in the present case is Spallieri and the drawer is Freedom. As a result, where Freedom has followed the direction of the plaintiff and where the plaintiff is not a holder in due course, he has no cause of action against Freedom.
However, the motion of the First should have been allowed and its denial constituted error. The plaintiff alleges that the First failed to carry out its duty owed to the plaintiff. It must be remembered that Freedom was the drawer, the First was the drawee, and Spallieri was the payee on the check upon which this action was based. The defendant First has merely paid value on the draft in issue. It was Freedom that had the money on deposit with First, and the draft in question was not drawn by the plaintiff, but by Freedom.
Funds on general deposit are the property of the bank and not the depositor. The relationship is one of debtor-creditor. Carpenter v. Suffolk Franklin Savings Bank, 362 Mass. 770(1973); Freedman v. First National Bank of Boston, 334 Mass. 593(1973); Town Bank and Trust Co. v. Silverman, 3 Mass. App. Dec. 28(1975).
Even if the plaintiff was a creditor of Freedom, he could not maintain this action against the First. Annunziata v. First National Bank of Boston, 157 F. Supp. 674(Mass. 1957). The court further held in that case that a creditor had no cause of action against the depository bank because of failure of the depositor to give written notice to the bank as required by M.G.L.c. 167, § 49. There is no allegation that the plaintiff gave such notice to the Bank in this case.
We hold that First had no relationship with the plaintiff, owed the plaintiff no duty, contractual or otherwise, and held no money belonging to the plaintiff, but only money belonging to Freedom. As a result, the plaintiff has no basis for maintaining a cause of action against the First. The latter owed no duty to plaintiff DiMonda under these circumstances.
The report of the plaintiff, DiMonda, is hereby dismissed.
The report of the defendant, First National Bank of Boston, is allowed.