FREDERICK MAGRATH vs. LAWRENCE SHEEHAN.

Suffolk.    April 8, 1936. — December 29, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Contract*, Implied. *Husband and Wife. Practice, Civil*, Requests, rulings and instructions; Rules of court; Appellate Division: appeal. *Words*, "Living apart for justifiable cause."

No question was presented to this court by an appeal from the dismissal by the Appellate Division of a report from the Municipal Court of the City of Boston of the denial of a request for a ruling "upon all the evidence" not accompanied by the specification of grounds required by Rule 28 of that court (1932) if the Appellate Division did not in its discretion review such denial.

The phrase, "living apart for justifiable cause," as descriptive of a wife's living apart from her husband, ordinarily means living apart due to a breach by the husband of some marital duty, not living apart by consent.

Liability of a husband for the expenses of the funeral of his wife who died while living apart from him may be established without proof that she was living apart because of marital misconduct on his part.

CONTRACT.  Writ in the Municipal Court of the City of Boston dated August 29, 1935.

The action was heard by *Adlow*, J., who found for the plaintiff in the sum of $349.25 and interest.  A report to the Appellate Division was ordered dismissed.  The defendant appealed.

*J. F. Connolly*, for the defendant.

*M. K. Greenberg*, for the plaintiff.

DONAHUE, J.  The plaintiff seeks to recover on a count on an account annexed for "Funeral expenses of Eleanor Sheehan  $349.25."  A judge of the Municipal Court of the City of Boston found for the plaintiff and reported to the Appellate Division his "rulings and refusals to rule as requested."  The Appellate Division dismissed the report.

The report recites that "there was evidence tending to show: That the defendant was married to Eleanor Sheehan; was never divorced; that they had not lived together for

ten years; that the defendant was not notified of her death; that neither he nor any person authorized by him contracted for the funeral expenses of Eleanor Sheehan. That the deceased and the defendant were living apart." The report states that it contains all the evidence material to the issues raised.

The trial judge made no specific findings of fact. He refused the following requests for rulings made by the defendant: "1. That upon all the evidence the plaintiff is not entitled to recover in this action. 2. That upon all the evidence and the pleadings, the plaintiff is not entitled to recover in this action," and "5. That the plaintiff cannot recover in this action unless by competent evidence he shows that the deceased was living apart from her husband for justifiable cause."

The first two requests sought rulings on "all the evidence." As they were not accompanied by specifications of the grounds on which they were based they did not conform to the requirements of Rule 28 of the Municipal Court of the City of Boston (1932) and the defendant was not entitled as of right to have the refusal by the trial judge of those requests reviewed by the Appellate Division. *Duralith Corp.* v. *Leonard,* 274 Mass. 397, 400. The Appellate Division did not in its discretion review the refusal of them and therefore the question whether the evidence warranted a finding for the plaintiff is not brought before us by the appeal. *McKenna* v. *Andreassi,* 292 Mass. 213. Compare *Pacheco* v. *Medeiros,* 292 Mass. 416.

The sole question presented to us by the appeal is whether the judge erred in refusing to rule in compliance with the defendant's fifth request that the plaintiff could not recover unless he proved that the wife of the defendant was at the time of her death living apart from him for justifiable cause.

The duty of a husband to provide a proper funeral for his dead wife and his legal liability to another for reasonable expenses justifiably incurred in providing such a funeral rest upon fundamental concepts of decency and humanity. Such a liability is not imposed upon the theory of an actual contract either express or implied in fact. It

arises if at all by implication of law "from the necessity of the case." *Breen* v. *Burns*, 280 Mass. 222, 224, and cases cited.

In this Commonwealth as in some other jurisdictions, by reason of statutes imposing a liability for funeral charges on the estate of a decedent and statutes giving separate property rights to married women, it is held that the primary burden of paying the expenses of the funeral of a married woman is on her estate. *Constantinides* v. *Walsh*, 146 Mass. 281. *Morrissey* v. *Mulhern*, 168 Mass. 412. *Hayes* v. *Gill*, 226 Mass. 388. See cases collected in 31 A. L. R. 1506. A husband who has paid the funeral expenses of his wife may recover therefor from her estate if she left an estate.

But this statutory obligation of the estate of a deceased wife does not supplant the liability of her husband to a person who has provided for the wife's funeral if the facts and circumstances appearing require the implication of law that such a liability exists. The burden of proving those facts and circumstances is on a plaintiff seeking to establish such liability. No ruling of the trial judge which is before us on the appeal presents the question whether on the evidence appearing in the exceedingly meager record it could be found that the burden of proof which was on the plaintiff had been sustained. That broad question therefore is not brought before us for decision.

The defendant's fifth request raises a narrow question as to the burden of proof, that is, whether the plaintiff in order to prevail was obliged to prove that the defendant's wife was at the time of her death living apart from the defendant for justifiable cause. The phrase "living apart for justifiable cause" appearing in various statutes dealing with the rights or remedies of married women has frequently been construed. "These words have acquired a peculiar and appropriate meaning in the law." *Newman's Case*, 222 Mass. 563, 566. Ordinarily they describe a living apart due to a breach of some marital duty by the husband. They do not include a living apart by consent. We think that the trial judge was justified in treating those words

appearing in the defendant's fifth request for a ruling as having the peculiar appropriate meaning which they had acquired in the law, and that the judge was warranted in believing that by the fifth request he was asked to rule that in order to prevail the plaintiff must prove that the wife of the defendant at the time of her decease was living apart from her husband because of his misconduct.

The fifth request did not correctly state the burden of proof resting on a plaintiff who has justifiably provided a funeral for a defendant's wife and seeks to recover from the husband the expense incurred. In such a case a plaintiff might recover if the wife had been living apart from her husband not because of his fault but by his consent. The character of the burden of proof required of such a plaintiff is determined by the character of the obligation resting upon a husband in the matter of providing a suitable funeral for his dead wife.

Upon the death of a person there arises almost immediately the necessity of providing promptly for a funeral and for the burial of the dead body. If a husband for any reason makes no such provisions with reference to his dead wife, one who proves that he justifiably met the necessity for providing her funeral under such circumstances that the law will imply an obligation on the part of the husband to reimburse him, has sustained the burden of proof which is on him in an action brought against the husband for reimbursement.

There was no error in refusing to give the fifth request, which was the only request for a ruling presented by the appeal.

*Order dismissing report affirmed.*