PETER MURPHY *vs.* DENNIS J. KELLEY.

Middlesex. February 8, 1939. — February 20, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Contract,* Construction, Performance and breach. *Limitations, Statute of.*

Upon evidence that the defendant, who had borrowed money from the plaintiff, promised the plaintiff that he would repay the money after he had paid off a coöperative bank mortgage which he stated he had just procured, and that the plaintiff would not "be compelled to wait longer than the eleven or twelve years" necessary therefor, and that the defendant never procured a coöperative bank mortgage and did not pay the plaintiff, a finding was warranted that the plaintiff's right of action did not accrue before eleven years had elapsed.

CONTRACT. Writ in the Third District Court of Eastern Middlesex dated April 13, 1937.

The action was heard by *Green,* J.

*D. J. O'Connell, T. J. Hayes, & W. P. Thompson,* for the defendant, submitted a brief.

*J. A. DeGuglielmo,* for the plaintiff.

LUMMUS, J.　The plaintiff obtained a finding in his favor for $800 and interest from January 1, 1922, in an action for money lent to the defendant in 1920. On a report to the Appellate Division, the report was dismissed. The defendant appealed to this court. The only questions of law arise out of the denial of certain requests for rulings presented by the defendant.

In 1921 the defendant was building a house, which he was willing to sell to the plaintiff. If at its completion the plaintiff should not wish to buy, the defendant said that he would repay the loan of $800 with five per cent interest after he had paid off a coöperative bank mortgage which he had just secured, and that the plaintiff would not "be compelled to wait longer than the eleven or twelve years which are necessary to pay off the usual Massachusetts coöperative bank mortgage." With this background, the defendant gave the plaintiff sometime in 1921 the following signed writing, which the plaintiff accepted: " . . . Received from Peter Murphy eight hundred dollars 5 % as part payment on house. I promise to pay after first mortgage is paid. [signed] Dennis J. Kelley." Later, when the house was completed, the plaintiff told the defendant that he had decided not to buy. No coöperative bank mortgage was ever placed.

The plaintiff had the burden of postponing the accrual of the cause of action until 1932 or some time within six years before the commencement of the action on April 13, 1937, so as to escape the statute of limitations. G. L. (Ter. Ed.) c. 260, § 2, First. *Breen* v. *Burns,* 280 Mass. 222, 228. It could be found that the plaintiff sustained that burden. There was evidence that the cause of action accrued no earlier than 1932, and the judge evidently so found, making immaterial the fourth request which was based upon the hypothesis that the cause of action accrued in 1921. The finding that the cause of action accrued no earlier than 1932 was warranted upon the writing and the

earlier conversation, treated as creating a contract partly oral and partly written (*Lampasona* v. *Capriotti*, 296 Mass. 34; Williston, Contracts [Rev. Ed.] §§ 633, 636–638), or even upon the writing alone, construed in the light of the earlier conversation that made it intelligible. *Garfield & Proctor Coal Co.* v. *Pennsylvania Coal & Coke Co.* 199 Mass. 22, 37. *Nickerson* v. *Weld*, 204 Mass. 346, 354. *Willett* v. *Smith*, 214 Mass. 494, 497. *W. R. Grace & Co.* v. *National Wholesale Grocery Co. Inc.* 251 Mass. 251, 253, 254, and cases cited. *Langevin* v. *Fletcher*, 273 Mass. 543. *Kennedy Bros. Inc.* v. *Bird*, 287 Mass. 477, 483. Williston, Contracts (Rev. Ed.) §§ 576, 629, 630. In the light of that earlier conversation, the promise "to pay after first mortgage is paid" appears to be a promise to pay at the end of the normal period required for the payment of the sort of mortgage which was contemplated, at least where no such mortgage was actually given. Incidentally this disposes of the second request, which asked a ruling that the writing was too vague and ambiguous to support an action.

The first request, that "upon all the evidence the finding should be for the defendant," was properly denied under Rule 27 of the District Courts (1932), which is quoted in *Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91, 95. See also *Gibbons* v. *Denoncourt*, 297 Mass. 448, 450. The objection argued by the defendant to the recovery of interest is not open in the absence of a request for a ruling upon the point. His request relating to the statute of frauds is expressly waived.

*Order dismissing report affirmed.*