TOMASELLO, J.
The plaintiff’s amended declaration in an action of contract was in three counts, first; to recover a sum alleged to be the balance due under a written contract, and for extras, for the erection of a dwelling house for the defendant in the town of Hingham, Massachusetts, second; to recover the same sum alleged to be the balance due under the written contract, for work done and materials furnished by the plaintiff to the defendant, third; to recover a sum for extra work indicated by thirteen items in the account annexed.
The defendant admitted entering into the contract and alleged in her answer that the plaintiff wil-fully and intentionally deviated from the plans and specifications referred to in the contract, refused to complete construction as required, was overpaid, and performed the work negligently and unskillfully, the damage for which she sought to recoup.
The evidence disclosed that a written contract was executed by the parties in which the plaintiff undertook to build for the defendant, a house in Hingham, upon a lot situated at the corner of Summer Street and Old Colony Road, said house to be built of good and substantial materials and in accordance with the drafts, plans, explanations, or specifications furnished, or to be furnished to said defendant by the plaintiff; and to be finished, complete on or about the first day of January, 1950. The contract called for payment to be made in instalments as the work progressed under a schedule contained in said contract.
The plaintiff, a builder since 1925, was shown by the defendant the lot owned by her, and where she wanted the house to be built. The defendant herself, staked out the lot where the house was to be erected. The plaintiff after working on the foundation for a few days discovered a ledge which necessitated moving the bulkhead three feet from the original plans. The change was discussed with the defendant and she acquiesced to it. The foundation-wall was built in some places to a depth of 2yí feet and in other places no footing was placed under a 10 foot wall. *[137] From time to time as the work progressed the defendant requested numerous changes in construction from that required by the original plans and specifications.
There was evidence that when the plaintiff turned the house over to the defendant on February 1, 1950, she was completely satisfied and that she made no mention of the alleged deviations; that the construction of the house as a whole was sound; that good quality materials were used; and that the girder used by the plaintiff in the cellar was sound construction. An expert builder called to testify for the plaintiff stated that the value of the building as constructed exceeded the cost under the original contract and that the construction was performed in a good workmanlike manner. An expert builder called by the defendant was of the opinion that the work was badly done, was not workmanlike, and that the materials used were not of first quality.
A by-law of the town of Hingham, introduced in evidence, in part provided:
Article 7
STRUCTURAL SAFETY
71. Every building or structure shall be supported on piles, posts, or foundations extending at least three feet and six inches (3' 6") below any adjoining surfaces exposed to frost unless they rest on solid ledge. They shall extend in all cases, to solid soil. No foundation or footing shall be constructed on frozen ground, or shall be laid when the temperature is below twenty-nine degrees (29 deg.) except that precautions satisfactory to the Commissioner to prevent settlement or failure are taken.
80. Braced frames shall have sills and corner posts not less than 4x6 inches, plates not less than two 2x4 inches, and braces not less than 2x4 inches. Girts and posts shall be tetoned and pinned together.
The trial judge took a view of the premises in the company of counsel for the plaintiff and the defendant and conditions of the terrain and the structure were pointed out to him.
At the close of the evidence the defendant requested the court to rule as follows:
1. On all the evidence the plaintiff cannot recover on count 1 of his declaration.
*[138] 2. If the court find that the plaintiff has violated . any of the building by-laws in regards to a substantial matter, then such violation constitutes an inten-torial deviation from the contract and bars the plaintiff from recovery.
3. If on the evidence the court finds the plaintiff failed to build the foundation of the house in accord^ anee to the building by-law, then such is a deviation from the contract in regards to a substantial stipulation and so bars the plaintiff from recovery.
4. If the court find that the plaintiff constructed the garage in violation of the building by-law, the said violation is a material deviation from the contract, so as to bar the plaintiff from recovery.
5. If the court find that the plaintiff failed to insulate the house as agreed in the plans and specifications, then there is an intentional departure in the performance of a substantial stipulation which is in itself such bad faith, as will bar the plaintiff from recovery.
6. If the court should find on the evidence that the plaintiff has failed to substantially perform his agreements, and also that he has not attempted in good faith to perform his agreements completely, then the plaintiff cannot recover.
7. If the court finds that the plaintiff failed to perform in a good and workmanlike manner as provided in the specifications, then such is a deviation from the contract in regards to a substantial stipulation and so bars the plaintiff from recovery.
8. If on the evidence the court should find the plaintiff has intentionally deviated from the contract, then the defendant is entitled to damages sufficient to enable her to make the building conform to. the terms of the contract.
9. On all the evidence presented, the plaintiff cannot recover in this cause of action.
The trial judge allowed request No. 1, denied request No. 9, and denied the other requests as being inapplicable to, or not in conformity with, the facts found. He made certain specific findings of fact “irrespective of rulings- on the requests for rulings of law filed by the defendant,” and found in con *[139] t'ormity thereto. Included in these findings of fact were the following:
“I do not find as contended by the defendant that any of the building laws of the Town of Hingham, Exhibit #1, section 71-section 89, - - -, was violated by the plaintiff, or that the building and garage were not constructed in a good and workmanlike manner. The view of the premises lindicated a substantially built house of good interior and outward appearance and construction. I find that the defendant substantially obtained what was called for by the contract as modified, but because the plaintiff did not completely perform the contract, as modified, by the parties, after the written contract was executed, he cannot recover therefor under the first count of his declaration, and in this count, I find for the defendant.
Under the second count of the declaration, the plaintiff is relying on a quantum meruit.
■ I find that any failure to complete the painting of the house, the failure to finish the landscaping and the patio were due to the refusal of the defendant to permit the work to be done when the weather was reasonable, as this was left undone due to the cold weather with the consent of the defendant.
I find and rule that there was not a wilful default by the plaintiff and that he in good faith and save so far as excused by the conduct of the defendant, substantially performed his contract as modified, and that he is entitled to recover under the second count of his declaration.
I find that all of the items set forth in count III added to the declaration by amendment, with the exception of the first item, - - -, were ordered by the defendant and represented extra work and materials and that the charges represent a fair charge therefor, over and above such labor and materials as were included in the original contract. - - - ”
In view of the finding of' the court and the allowance of request for ruling No. 1, we need not consider this" request. Baker v. Davis, 299 Mass. 345, 348 ; Okin v. Sullivan, 307 Mass. 227. Since request No. 9 is one posited “on all the evidence” and unaccompanied by a statement of the facts upon which *[140] reliance is had for a proper conclusion, a denial thereof was justified. Magrath v. Sheehan, 296 Mass. 263, 264; Dellamano v. Francis, 308 Mass. 502. Requests for rulings denied for reason that they are “not in accordance to the facts found” are properly refused, provided the court makes clear the reason for their denial. Bangs v. Farr, 209 Mass. 339, 344; Bianchi v. Denholm & McKay Co., 302 Mass. 469, 472; Rule 28, DMC.
George F. O’Brien, attorney for plaintiff.
Daniel W. Shea, Jr., attorney for defendant.
The trial judge has minutely and concisely indicated in his findings of fact the result of an exhaustive appraisal of the evidence presented at the trial. He viewed the premises and observed all the conditions which the parties intended should be called to his attention. He weighed the testimony of one expert as against that of another, which was exclusively his province. MacDonald v. Adamian, 294 Mass. 187, 191.
We find no error in the court’s treatment of the defendant’s requests for rulings.
Ordered: Report dismissed.