*Northern District*

No. 4688

**ADA COLDWELL
BLANCHE DiMAMBRO
ANTHONY DiMAMBRO**

v.

**ALICE B. BARTLETT**

(November 18, 1953)

*Eno, J.* These are three actions of tort by which each plaintiff claims to have received personal injuries, and one plaintiff, Anthony DiMambro, property damage, in addition to his personal injuries, all allegedly caused by the defendant's negligence. The defendant's answer in each case, is a general denial and a plea of contributory negligence.

The plaintiffs were in an automobile owned by Anthony DiMambro and operated by Blanche Di-Mambro, on Route No. 113 in Dunstable, when it came into collision with an automobile operated by the defendant.

The evidence was conflicting as to the location on the road where the collision occurred, and the trial judge made a finding of fact in each case that "on the credible evidence the defendant was not negligent."

The trial judge allowed certain requests for rulings by the plaintiffs but denied the following:

1. "Upon all the evidence and the law applicable to this case the plaintiff is entitled to a finding in her favor."

2. "The plaintiff, Ada Coldwell, being a passenger in a car and being under the exercise of due care, is entitled to have a finding in her favor."

by the plaintiff Coldwell;

3. "The evidence would warrant the Court in finding that on the day of the accident the plaintiff had surrendered to his wife the control of the automobile in which he was riding. *Sanjean v. Hyman,* 302 Mass. 224."

by the plaintiff Blanche DiMambro; and

4. "Upon all the evidence and the law applicable to this case the plaintiff is entitled to a finding in his favor."

by the plaintiff Anthony DiMambro.

Requests numbered 1 and 4 above were properly denied as they failed to contain specifications required by Rule 27 of the Rules of the District Courts (1940). *Forbes v. Gordon & Gerber, Inc.,* 298 Mass. 91, 95. Request numbered 2 could not be granted since that plaintiff is not entitled to recover solely because she "was a passenger in a car and being under the exercise of due care" in the absence of negligence on the part of the defendant. Request numbered 3 as well as all the others became immaterial in view of the judge's finding that the defendant was not negligent. All the cases presented only questions of fact which were resolved in favor of the defendant.

Since there is no prejudicial error in the denial of the plaintiffs' requests the report in each case is to be dismissed.

John Finelli, for the plaintiff.

Claud J. N. Weber, for the defendant.