*Northern District*

No. 4690

**LAWRENCE VOLPE & SON**

**v.**

**EST. OF DONALD ANASTASI**

(December 21, 1953)

*Brooks, J.* This is an action of contract in which plaintiff seeks to recover from the estate of Donald Anastasi for services as funeral director in the burial of Angela, wife of Donald Anastasi. The answer is general denial and payment.

Donald and Angela Anastasi lost their lives by drowning in a common accident. It is not known who died first. Angela's body was found; Donald's body was never found. An administrator was appointed for Donald's estate which, according to the inventory, consisted of personal property amounting to $1523.07.

Angela Anastasi left no will and administration was never taken out in her name. Her father procured the services of plaintiff to bury Angela and himself advanced $300 to plaintiff. At the time of her death, she was insured for $1000, her husband being named beneficiary. This was paid to her father who was her sole heir.

At the conclusion of the trial, plaintiff filed the following Requests for Rulings:

1. It is settled that an action for funeral expenses differs in no essential from an action for a debt due from the deceased and that the estate of the deceased is just as liable for the necessary charges of the funeral as for the necessaries supplied in the lifetime. *Eastman v. Allen, Exec.,* 308 Mass. 138, 140.

2. The duty of a husband to provide a proper funeral for his dead wife and his legal liability to another for reasonable expenses justifiably incurred in providing such funeral rest upon fundamental concepts of decency and humanity. Such a liability is not imposed upon the theory of an actual contract either expressed or implied in fact. It arises, if at all, by implication of law "from the necessity of the case." *McGrath v. Sheehan,* 296 Mass. 263, 264.

3. The credit of the estate may be pledged to a reasonable amount for funeral expenses. The proper expense of a funeral is a preferred charge against the estate of the deceased person. G. L. c. 198, §1., *Waterman & Sons, Inc. v. Hook,* 246 Mass. 522, 526.

4. The evidence warrants the court to find that the estate of the defendant is liable to the plaintiff for the amount set forth in the plaintiff's declaration for the burial of the wife of Donald Anastasi.

The court denied plaintiff's Requests for Rulings as follows:

1. Correct statement of law but inapplicable to facts found.

2. Correct statement of law but inapplicable to facts found.

3. Correct statement of law but inapplicable to case at bar which seeks to charge the estate of the deceased husband rather than the estate of the deceased wife which is chargeable under G. L. c. 198, s. 1.

4. Warranted but not required by reason of findings and rulings made.

The court made certain Findings of Fact and found for defendant.

Under the common law where two or more persons die in a common disaster, the presumption exists that they perished at the same moment. Massachusetts and most other jurisdictions follow this rule. *Coye v. Leach*, 8 Met. 371; *Schaefer v. Holmes*, 277 Mass. 468; *Gowin v. Menken*, 223 N.Y. 509 (Lusitania); *Dunn v. New Amsterdam Casualty Co.*, 126 N.Y.S. 228 (S.S. Slocum).

G. L. c. 190A §1, provides for the devolution of property in the case of a common disaster. By its terms it is limited to that subject. The devolution of property is not an issue here, therefore that statute does not apply. There being no evidence to rebut the presumption of simultaneous death, it must be assumed that Donald and Angela Anastasi died at the same moment.

A surviving husband is liable for his wife's reasonable funeral expenses. *Breen v. Burns*, 280 Mass. 222; *Weinstein v. Lotsoff*, 232 Ill. App. 566; *Sears v. Giddey*, 41 Mich. 590. The basis for the rule is stated in *McGrath v. Sheehan*, 296 Mass. 263:

"The duty of a husband to provide a proper funeral for his dead wife and his legal liability to another for reasonable expenses justifiably incurred in providing such a funeral rest upon fundamental concepts of decency and humanity. Such a liability is not imposed upon the theory of an actual contract either express or implied in fact. It arises if at all by implication of law 'from the necessity of the case.'"

The question here arises whether a husband's estate is similarly liable for the wife's funeral expenses. There appears to be no case directly in point in this Commonwealth. If, as stated in *McGrath v. Sheehan*, 296 Mass. 263, the liability of her husband "rests upon fundamental grounds of decency and humanity" it is hard to see any less basis for liability where the husband's estate is called upon to stand the expenses. Two decisions support this view.

In *Sullivan v. Horner*, 41 N.J. Eq. 299, a man and his wife and child were killed in a railroad collision. The court found that the family died at the same instant and ruled that the funeral expenses of the child and wife were a just claim against the man's estate. It was said:

"The dictates of humanity, no less than the decencies of enlightened society demand that the reasonable funeral expenses, and the physician's bill . . . be preferred in payment to all other claims or debts. The same considerations apply in this case to the reasonable funeral expenses of the wife and child of the decedent. He and they were deprived of life by the same fatal stroke, and were buried with one and the same funeral. Had he survived them, it would have been his duty to bury his wife and child, and the law would have required it at his hands. This duty, which he was thus unable to discharge, the law, under the circumstances, charges upon his estate . . . It is true, the statute, in the provision for the payment of funeral expenses, contemplates the expenses of the funeral of the decedent debtor, but an enlightened construction would hold that the provision is broad enough to embrace, in an exceptional case, such as this, the reasonable funeral expenses of the wife and child in that of the . . . father."

In *Colovos' Adm. v. Gouvas*, 269 Ky. 752 a father, mother and two daughters were burned to death in an automobile accident. The question came up primarily under claims for insurance benefits. The court found that there was no presumption of sur-

vivorship under the common law which prevailed in the state of Kentucky. After passing upon the insurance phase of the case, the court went on to discuss the claim that the father's estate should bear the funeral expenses of the mother and daughters. It concluded: "We have no hesitancy in concluding that in this particular case, where all the family died together at the same instant, the expense of the funeral is a just claim against the Colovos estate." Plaintiff's fourth request should have been granted.

Finding for defendant vacated and case remanded for a new trial.

A. G. Mainini and Joseph H. Lewis, for the plaintiff.

Joseph E. Murphy, for the defendant.