*Northern District*

No. 4716

## LOCKHART J. SMITH, JR.

v.

## FRANKLIN S. DAVIS

(March 9, 1954)

*Eno, J.* By an action in contract and tort, the plaintiff seeks to recover damages to an airplane, owned by him and defendant jointly, and purchased with the intention of ultimately using it in business.

The answer contains, besides a general denial and an allegation of payment, allegations that the plaintiff failed to perform his part of the agreement, that the damage was caused by plaintiff's negligence and that the property was used for the purpose for which it was designed and purchased.

The trial judge made the following findings of fact:

"I find that the plaintiff and defendant in May, 1950, agreed to form a partnership to engage in the business of neon advertising by airplane and agreed to divide the profits therefrom equally; that in pursuance of this agreement they purchased a plane at a cost of $400.00; each contributing $200.00 in the purchase of the plane; that the plaintiff and the defendant agreed that each could use the plane in their private business, and that if damages to the plane resulted from the private use of the plane, the user alone would be responsible for any damages resulting from such use; that if the plane were used in the business of the partnership any damage resulting in the use of the plane would be borne by the plaintiff and defendant equally; that the plaintiff was to keep the plane in repair and the defendant was to be its pilot."

"I further find that the plaintiff and defendant later agreed to consult an attorney to consider making out partnership papers or the forming of a corporation; that the plaintiff expended $600.00 in labor, $100.00 in material and $50.00 for tires, totaling $750.00 in readying the plane for the business of the partnership; that on July 12, 1950 before the accident hereinafter mentioned the plane was worth $2000.00; that on said date the plane not being ready for use in the business of the partnership, the defendant took the plane on a private matter of his own and flew with it to Provincetown, Massachusetts; and that while returning from Provincetown to Revere, Massachusetts, met with an accident and crashed into the water in East Boston, Massachusetts, 100 yards from the shore; that the plane remained submerged in salt water for about five hours; that because of the length of the time that the plane was submerged in salt water the cost of repairing the engine would have been prohibitive; that its value after being submerged was $50.00; that the accident was caused by the negligence of the defendant in not supplying the plane with gasolene enough to make the flight from Provincetown to Revere; and that there was no mechanical defect in the engine or other parts of the

plane; that the value of the plaintiff's interest in the plane on July 12, 1950 before the accident was $1000.00."

"I find that there was a partnership existing between the plaintiff and the defendant from May, 1950, the time tht plane was purchased, through July 12, 1950, the date of the accident, and that this Court has no jurisdiction in this action."

The report, however, states that the plaintiff and defendant merely discussed the purchase of an airplane; that they bought an airplane; and that they were to go to a lawyer to prepare a partnership agreement or to form a corporation. It is to be noted also that nowhere in his answer did the defendant allege a partnership.

The trial judge denied the following requests for rulings of the plaintiff:

"16. I rule as a matter of law that even if the parties to this action were partners, the plaintiff is entitled to recover his partnership interest on an express promise where his partnership has terminated, damages belong exclusively to the plaintiff and partnership accounts do not have to be adjusted."

"17. I rule as a matter of law that the plaintiff is entitled to recover his interest in the property owned in common with the defendant upon a showing that the property was destroyed and the defendant had agreed to reimburse him."

"18. I rule as a matter of law that the plaintiff is entitled to recover in this action."

The reason given by the trial judge for denying this last request was:

"I find there was a partnership existing between the plaintiff and defendant at the time of the accident and that the plaintiff cannot prevail in this Court for want of jurisdiction."

The report states that it contains all the evidence material to the question reported.

It is before this division on the denial of these requests and the court's findings that a partnership

existed from May, 1950 to July 12, 1950, and that it has no jurisdiction on this action.

The 18th request was properly denied since it did not comply with Rule 27 of the Rules of District Courts (1950). *Forbes v. Gordon and Gerber, Inc.,* 298 Mass. 91, at 95.

There was no error in the denial of the two other requests for the reason that although the evidence might warrant a finding for the plaintiff who has the burden of proof, such a finding was not required as a matter of law. *Memishian v. Phipps,* 311 Mass. 521, 522.

We think, however, that there was error in the finding that a partnership existed between the parties and that the court had no jurisdiction in the matter.

Under the Uniform Partnership Act a partnership is defined as "an association of two or more persons to carry on as co-owners a business for profit." G. L. c. 108A sec. 6.

In the case at bar all the parties did, according to the report, was to discuss the purchase of an airplane and to agree that later they would see a lawyer to prepare a partnership agreement or form a corporation. There is no evidence that either was ever formed or that any business was ever conducted. Nothing is said in the report about the profits or losses of the busisess. The only finding possible under those facts was that the parties merely became co-owners of the airplane.

By Section 7 (2) of that chapter "joint tenancy, tenancy in common, tenancy by the entirety, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property."

Even assuming that a finding that a partnership existed was warranted, we believe, on the basis of the reported evidence, that this case might come within the exceptions mentioned in the case of *Berwin v. Cable,* 313 Mass. 431, at 436, 437, in that "the

accounts are such that a final balance can be readily determined so that, as a practical matter, all that remains to be done is to divide the net profits, and the judgment to be rendered will effect a final settlement between the partners of all matters connected with the partnership."

But of course, without having the evidence of possible debts of the partnership, if any, we cannot express any opinion on this aspect of the case.

There being prejudicial error in the rulings that a partnership existed and that the court had no jurisdiction in the matter, the finding for the defendant is to be vacated and the case remanded for a new trial.

Hale & Dorr, for the plaintiff.

Harold W. Stevens, Arthur Murray, for the defendant.