*Northern District*

No. 4727

**REAL ESTATE INVESTMENT, Inc.**

**v.**

**BERNARD L. McDONALD, d/b/a
BERNARD L. McDONALD COAL CO.**

(August 3, 1954)

*Cavan, J.*    In this action of tort, the declaration

is in two counts, the first for trespass, and the second for conversion.

The answer is a general denial and, further, that any acts done by the defendant were done on the invitation and with the approbation of the plaintiff, its agents or servants.

At the trial, and just prior to taking testimony in the case, it was agreed by the parties that the issue to be decided by the Court was whether or not certain heating equipment, removed by the defendant, was so affixed as to become part of the real estate or was personal property; and that, if the Court found on all the evidence that said articles were affixed to the real estate, there should be a finding for the plaintiff; and that, if the Court found that the articles so removed were personal property, there should be a finding for the defendant.

The defendant sold, under conditional sales agreement, a heating unit, to one Daly, a general contractor, and installed it in a building which Daly was then constructing.

Daly warranted that he was the owner of record and in fact of the premises in which the heating unit was installed.

The said premises were owned by the plaintiff, who employed Daly as a general contractor.

There was evidence that, prior to the removal, the heater was fully installed and ready to operate, upon supplying electricity and oil, that the power had never been connected up, and that the burner had never been fired;

That the heater was a Chrysler Airtemp of the hot air type; that it rested on a concrete base, raised slightly over the cellar floor level; that it was not attached to this base and that it was removed without causing any damage to it, to the appliances thereto attached, or to the real estate;

That the oil tank rested on, but was in no way attached to, the cellar floor; that it was removed in such a manner that pipes connected thereto could

be used again, and that the removal caused no damage to it nor to the real estate;

That a portion of the duct work that hung on hangers, which were tacked into the floor timbers, was removed by pulling the tacks, and that no damage was done to said timbers by such removal;

That all removals were made through existing openings in the building; that no damage was done to the house thereby, and that all the equipment left in the building was used by the plaintiff in a subsequent installation.

At the conclusion of the testimony, the plaintiff made a motion that a finding should be directed in favor of the plaintiff. This motion was denied.

The trial judge [Sartorelli, J.] found for the defendant, after denying the following plaintiff's requests for rulings:

1. That upon all the evidence the finding should be for the plaintiff.

2. That the annexation of the heater, its connecting pipes and appurtenances to the real estate so as to become a permanent part of the real estate, makes it part of the real estate and becomes the property of the plaintiff."

The denial of request numbered 2 was as follows: "This ruling denied as it contains facts not found by me. I find that the heater was not so annexed and affixed to the real estate so as to become a permanent part of said real estate,"

The plaintiff claims to be aggrieved by the denial of its motion for directed findings and the denial of its requests for rulings, numbered 1 and 2.

The statute and the rules of the District Courts indicate that the basis of a report to the Appellate Division shall be requests for rulings and not motions. G. L. (Ter. Ed.) c. 231, §108; Rule 27 of the District Courts; *Morse v. Homer's, Inc.*, 295 Mass. 606, 607; *Forbes v. Gordon & Gerber*, 298 Mass. 91, 94-95.

The agreement of the parties narrowed the issue

so that the judge was to find, on all the evidence, whether the fixtures removed had been affixed to the real estate, or were personal property, Such an agreement does not affect the requirements of District Court Rules, in reference to appellate procedure. We do not review the denial of the plaintiff's first request, because the grounds upon which it is based are not specified in accordance with Rule 27.

The denial of the plaintiff's second request was made because the facts stated therein were not found.

The judge found "that the heater was not so annexed and affixed to the real estate so as to become a permanent part of said real estate."

We are of the opinion that the finding is not clearly wrong. *Gardner v. Buckley & Scott*, 280 Mass. 106; *Henry N. Clark Company v. Shelton*, 208 Mass. 284; *Stone v. Livingston*, 222 Mass. 192; *Security Co-op Bank v. Holland Furnace Co.*, 274 Mass. 390.

The case of *Stone v. Livingstone, supra,* involved the question of into one of three classes:

"(1)   Those where the chattel has been so affixed that its identity is lost or so annexed that it cannot be removed without material injury to the real estate or itself.

(2)   Those articles which are manifestly furniture as distinguished from improvements. . . . As regards these two classes the facts rebut all other evidence of intention to the contrary.

(3)   Those cases where intention is the controlling fact and where such fact is to be determined upon consideration of all the circumstances including therein the adaption to the end sought to be accomplished, and the means, form and degree of annexation . . . "

There was evidence that articles, involved in this case, were regular stock of Chrysler Airtemp unit; that they were removed without causing damage to the real estate or to themselves; that appliances and

pipes attached were used by the plaintiff in a subsequent installation.

There was also evidence of the condition sales agreement, between the defendant and the plaintiff's general contractor, under the terms of which the title was to remain in the defendant until price was fully paid. There had been a failure in payment and the said contractor requested the defendant to make such removal.

There was no error in the denial of plaintiff's requests for rulings.

The report is to be dismissed.

Arthur C. Aldrich, for the plaintiff.

Robert F. McDonald, for the defendant.