*Municipal Court of the City of Boston*
No. 62037
**MORRIS CHARTKOFF**
v.
**HENRY W. ARCHIBALD, INDIVIDUALLY
AND AS TRUSTEE OF ARCHIBALDS'
REALTY TRUST**

*Present*: Roberts, J. (Presiding), Shamon &
Canavan, JJ.

Case tried to *Lewiton, J.*

*Canavan, J.* This is an action of contract in five counts in which the plaintiff seeks to recover the sum of $10,447.70 with interest on three promissory notes against the defendant individually and as Trustee of the Archibalds' Realty Trust.

Count I is for a balance due of $6,037.70, plus interest, against the defendant individually and as Trustee of The Archibalds' Realty Trust, upon the following note, a copy of which is incorporated in the report and marked "A".

"$8000.00                    January 31, 1957

For Value Received, I, Henry W. Archibald, Trustee of The Archibalds' Realty Trust, under a declaration of Trust, promise to pay to Morris Chartkoff or order, the sum of eight thousand and no/100 dollars payable etc.

Signed:    Henry W. Archibald
           Trustee as aforesaid
           and Individually."

Counts II and III are for the balance due of $2,190—plus interest, against the defendant as Trustee of The Archibalds' Realty Trust (Count II) and as an individual endorser (Count III) upon the following note, a copy of which is incorporated in the report and marked "C".

"$3,500.00                   December 13, 1957

For Value Received, I, Henry W. Archibald, Trustee of the Archibalds' Realty Trust, under a declaration of trust dated September 4, 1956,

recorded with Suffolk Deeds, Book 7184, page 11, Promise to pay to Morris Chartkoff, or order, the sum of thirty five hundred and no/100 dollars, payable, etc.

Signed:  Henry W. Archibald<br>Trustee as aforesaid"

On the back of said note appears the following endorsement:

"Waiving Demand Notice and Protest."
Signed:  Henry W. Archibald"

Counts IV and V are for a balance due of $2,220.00, plus interest, against the defendant individually (Count IV) and as Trustee of Archibalds' Realty Trust (Count V), upon the following note, a copy of which is incorporated in the report and marked "B":

"$3,500             October 30, 1957

For Value Received, the undersigned Promises to pay to Morris Chartkoff, or order, the sum of thirty five hundred and no/100 dollars, payable, etc.

Signed:  Henry W. Archibald<br>Trustee of the<br>Archibalds' Realty Trust"

The defendant individually set up in his answer a general denial, a denial that he individually signed and endorsed the note as alleged in Counts I-III and IV. As trustee of The Archibalds' Realty Trust, the defendant set up a general denial, that the defendant, Henry W. Archibald, placed a signature upon the back of a note as alleged in the declaration at the request of the plaintiff, waiving

demand, notice and protest on behalf of The Archibalds' Realty Trust; that the endorsed note was usurious; that an offer of payment was made by the plaintiff to the defendant; and that the plaintiff has assigned the mortgage and note to the Chart Realty Corp. on February 5, 1962.

The trial judge found for the plaintiff on Counts I, II, III, and IV and for the defendant on Count V.

*At the trial there was evidence tending to show the following:*

Bernard H. Vernon, a witness for the plaintiff, testified that he saw the defendant, Henry W. Archibald, sign all three notes sued upon, in his individual capacity and as trustee of the Archibalds' Realty Trust; and that the signature as maker and endorser was placed upon the notes by Henry W. Archibald prior to the delivery by the defendants to the plaintiff.

The note sued upon in Count I together with the mortgage securing said note, was admitted to be assigned by the plaintiff to the Chart Realty Corp. The said assignment was dated, signed and acknowledged, and recorded on February 5, 1962.

The witness, Mr. Vernon, further testified that on February 5, 1962 he directed that a "straw" assignment be made by the plaintiff to the Chart Realty Corp., a corporation wholly owned by the plaintiff; that such assignment was made; that the Chart Realty Corp. gave no consideration for the assign-

ment; that it was not intended as a loan to Chart Realty Corp.; that it was solely a "straw" transaction; that on the same day the said note and mortgage were assigned back by the Chart Realty Corp. to the plaintiff; that the said assignment by the Chart Realty Corp. was not recorded. It was agreed in open court that the Archibalds' Realty Trust was created by a declaration recorded in Suffolk County Registry of Deeds in Book 7184, page 11, dated September 4, 1956. It was further agreed that the amounts claimed to be due on said notes as set forth in the declaration were correct.

The defendant stated that he signed the notes in question, but he could not state in what capacity he signed them since he signed them as directed.

The defendants made the following requests for rulings and the court made the following disposition thereof:

"1. Upon all the evidence a finding should be for the defendant, Henry W. Archibald, individually." *"Denied."*

"2. Upon all the evidence and law a finding should be for the defendant, Henry W. Archibald, individually." *"Denied."*

"3. Upon all of the evidence the defendant, Henry W. Archibald, individually, was not an endorser of any one of the notes." *"denied."*

"4. The defendant, Henry W. Archibald, did not endorse any one of the notes declared upon, individually, but only as Trustee of the Archibalds'

Realty Trust, waiving demand and notice." *"De-nied."*

"5. Upon all of the evidence, a finding should be for the defendant, Henry W. Archibald, Trustee of the Archibalds' Realty Trust." *"Denied."*

"6. Upon all of the evidence and law, a finding should be for the defendant, Henry W. Archibald, Trustee of the Archibalds' Realty Trust." *"De-nied."*

"7. Upon the assignment of the notes and mortgages secured by the notes declared upon in this action, the plaintiff waived his right of action, and therefore is not entitled to recover." *"Denied." "Notes dated October 30, 1957 and December 13, 1957, respectively, were not assigned. Note dated January 31, 1957 was assigned by plaintiff after commencement and entry of the within action, and was subsequently reassigned to the plaintiff prior to the date of trial."*

"8. The plaintiff is not entitled to by law to sue upon the notes declared upon in this action, and at the same time assign said notes and claim and mortgages secured thereby to another person." *"Denied: See Ruling #7 above."*

"9. The Chart Realty Corp. to whom the plaintiff assigned the notes and claims and mortgages secured thereby without recourse to the plaintiff, is another person other than the plaintiff, and the plaintiff therefore is not entitled to recover." *"Denied: See Ruling #7 above."*

"10. The defendant, Henry W. Archibald, individually, is not a co-maker of any of the notes declared upon in this action, and the plaintiff therefore is not entitled to recover." *"Denied."*

The court found for the plaintiff against the defendant, Henry W. Archibald, individually, in the following amounts:

Count 1. Damages $6,037.70. Interest $10.45.
Count 3. Damages $2,190.00. Interest $10.45.
Count 4. Damages $2,220.00. Interest $ 1.74.

The court found for the plaintiff against the defendant Henry W. Archibald, Trustee of the Archibalds' Realty Trust, in the following amounts:

Count 1. Damages $6,037.70. Interest $18.23.
Count 2. Damages $2,190.00. Interest $ 8.23.
Count 5. Finding for the defendant.

The defendants claimed to be aggrieved by the denial of all their requests for rulings. The defendant's requests #1, 2, 3, 5 and 6 sought rulings on "all the evidence" and were not accompanied by specifications of the grounds on which they were based. They did not conform to the requirements of Rule #30 of the Municipal Court of the City of Boston (1952) and he was not entitled as of right to have the refusal by the trial judge of those requests reviewed by the Appellate Division. *Duralith Corp. v. Leonard,* 274 Mass. 397, 400; *Magrath v. Sheehan,* 296 Mass. 263, 264.

There was no error in the denial of these requests.

The rights of the parties to the present case are governed by the Negotiable Instrument Law, G. L. c. 107, and not under the provisions of the Massachusetts Uniform

Commercial Code· which did not become effective until October 1, 1958.

No error was committed in the denial of the plaintiff's request for ruling No. 4 because the signature on the back of the note marked "C" upon which claim is made in Count 3 constituted an endorsement and the trial judge construed it as the personal obligation of Henry W. Archibald since the endorsement did not show that Henry W. Archibald signed in a representative capacity.

G. L. c. 107, §39 (6) provides:

> "Where the language of the instrument is ambiguous, or there are omissions therein, the following rules of construction apply: (6) Where a signature is so placed upon the instrument that it is not clear in what capacity the person making the same intended to sign he is to be deemed an endorser."

G. L. c. 107, §8L provides:

> "A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

Requests for rulings numbered 7, 8 and 9 were properly denied by the trial judge. The requests were immaterial in the light of the trial judge's finding that "Notes dated October 30, 1957 and December 13, 1957 respectively, were not assigned. Note dated January 31, 1957 was assigned by the plaintiff after commencement and entry of the within

action, and was subsequently reassigned to the plaintiff prior to the date of the trial."

■ Request for ruling No. 10 that the defendant, Henry W. Archibald, individually, is not co-maker of any of the notes declared upon in this action, and the plaintiff therefore is not entitled to recover, was properly denied by the trial judge. This request did not apply to any one specific note but to all of the notes. There is no question but Henry W. Archibald signed as a co-maker, both as a trustee and individually, the note dated January 31, 1957, and in the amount of $8,000, a copy of which is incorporated in the report marked "A". Therefore, the denial of defendant's 10th request did not constitute error.

There was no error in the denial of the defendant's requests for rulings of law, and the judgment should be affirmed. *Report dismissed.*

Thomas F. Maher and Bernard N. Vernon, of Boston, for the Plaintiff.

Joseph S. Mitchell, of Boston, for the Defendant.