*Northern District*

No. 5792

**MARY E. PELHAM**

and

**LINDA A. PELHAM, ppa**

v.

**ZAYRE CORPORATION**

July 30, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *DeMarco, J.* in the District Court of Somerville. No. 86781.

*Connolly, J.* This is an action of tort in which the plaintiffs seek to recover for injuries alleged to have been sustained by them in the store of the defendant where they were business invitees.

Count #1 seeks recovery for the plaintiff, Mary E. Pelham, for the alleged negligence of the defendant. Count #2 seeks recovery for the minor plaintiff, Linda A. Pelham, for the alleged negligence of the defendant. Counts #3 and #4 seek recovery for the alleged consequential damage. The defendant's answer consists of a general denial and allegations of contributory negligence.

A finding was entered for the plaintiff on Counts #1 and #2.

At the close of trial and before final arguments, the defendant made the following requests for rulings:

1. The evidence warrants a finding for the defendant.
2. The evidence compels a finding for the defendant.

Although he first denied both requests, the trial judge subsequently allowed request #1. The defendant's contention is that there was insufficient evidence upon which

the trial judge could base a finding for the plaintiffs and, therefore, the evidence compelled a finding for the defendant. Its request to that effect, which was denied, is commonly treated as one for a directed finding. Because a request for a directed finding is a request based on all the evidence, such a request is required in the District Court to comply with the rule that it should specify the grounds upon which it is based. *Rule 27 of the District Courts; Murphy v. Kelley,* 302 Mass. 390, 392; *Mattera "Civil Practice" 3rd Edit.* §874; *Okin v. Sullivan,* 307 Mass. 227, 228.

Because the request in question did not specify the grounds upon which it was based, this Division declines to review its denial by the trial judge.

Attention is invited to the instructions contained in—*Forbes v. Gordon & Gerber, Inc.,* 298 Mass. 91 at 94 wherein *Lummus, J.* said:

"the correct practice in the District Courts, and in the Superior Court without jury, is to raise the question of law whether the evidence is sufficient to warrant a finding for the plaintiff by a request for a ruling that the evidence would or would not warrant such a finding."

*The report is dismissed.*

James A. O'Donovan, of Somerville, for the Plaintiff.

Robert J. Ectman, of Boston, for the Defendant.