*Northern District*
No. 5955
**PHILIP RUGNETTA**
v.
**ALDEN'S, INC. d/b/a**
Filed September 9, 1964

*Present*: Brooks, P. J., Eno & Parker, JJ.

Case tried to *Troy, J.* in the Municipal Court of the Dorchester District. No. R-932.

*Parker, J.* This is an action of tort, the plaintiff claiming damages as a result of falling on the defendant's premises. Count 1 of the declaration sounds in nuisance on the basis that the defendant kept the premises in a defective condition which resulted in an artificial accumulation of ice; and Count 2 is based on the negligence of the defendant in maintaining the premises, resulting in an artificial accumulation of ice. The plaintiff's specifications allege that the plaintiff fell just inside the front door on the defendant's premises. The defendant's answer is a general denial, contributory negligence and assumption of risk.

*There was evidence that* the plaintiff was entering the defendant's premises and held the door open for a companion. He started through the door, took a couple of steps, when he slipped and fell, catching his thumb in the door and injuring it, as well as his back. There was ice, snow and water better than three to four feet into the premises. There was snow and ice outside from a previous storm. It did not snow the day of the accident. The defendant's premises were a retail ladies ready-to-wear clothing store. The street entrance was of metal and it had glass doors. The floor inside the doors was of composition tile covering. The defendant was in control or possession of the doorway

and area leading into the street. An employee of the defendant, who did not see the accident, saw the plaintiff just after the accident, and the plaintiff was given first aid.

The court found for the plaintiff, but the record fails to disclose whether the finding was on both counts or, if on one count only, which count.

The defendant filed four requests for rulings, as follows:

1. The evidence does not warrant a finding that the defendant, its agents or servants was negligent.

2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.

3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damages.

4. As a matter of law the defendant breached no legal duty owed by it to the plaintiff.

The court denied these requests and the defendant claims to be aggrieved thereby.

■■ The plaintiff contends that there was no error in the denial of these requests because they are general and do not contain specifications. To support his contention he cites: *Forbes v. Gordon & Gerber, Inc.,* 298 Mass. 91, 95. The case cited is distinguishable from the case at bar for it was an action on a written contract, and it was shown that the case admitted of specifications and specifications were made in the requests. The court

stated at page 99 that it is the correct practice in the District Courts when it is sought to raise the question that as a matter of law, the evidence is not sufficient to warrant a finding for the plaintiff, to do so by a request for a ruling that the evidence would not warrant such a finding (see cases cited at page 95 in *Forbes v. Gordon & Gerber, Inc.* supra).

█ The plaintiff's requests ##1, 3 and 4 plainly raise the question that as a matter of law the evidence does not warrant a finding for the plaintiff, because it fails to show the defendant negligent or that its negligence was the proximate cause of the plaintiff's injury, or that it violated any duty which it owed the plaintiff.

The evidence reported (see supra) does not show in what capacity the plaintiff was on the premises. Was he a business invitee or a licensee? There is no evidence to show what caused the plaintiff to slip. There is no evidence that he slipped on snow or ice. The report merely states that the plaintiff started through the door, took a couple of steps when he slipped and fell. There was evidence of snow and ice on the premises, and even assuming that the plaintiff slipped on snow or ice, there is no evidence of how long it had been there or that the defendant should have known it was there. There is no evidence as to what time of day the accident occurred. There is no evidence of the lighting conditions of the area. There is no evidence of the consistency of the ice and snow to

determine how long it was there. There is no evidence to show what kind of a door the plaintiff held.

The report fails to show evidence of negligence on the part of the defendant, or that the negligence of the defendant was the proximate cause of the accident, or that the defendant violated any legal obligation it owed the plaintiff, and that there was prejudicial error by the denial of the defendant's requests for rulings ##1, 3, and 4. *Belmonte v. Capodilupo,* 332 Mass. 134, 136; *Allan v. Essanee, Inc.,* 309 Mass. 1, 6; *Leary v. Jordan Marsh Co.,* 322 Mass. 309. Contributory negligence is an affirmative defense. G. L. c. 231, §85.

The burden of proof that the plaintiff's negligence contributed to the accident is on the defendant. *Abbott v. Link-Belt Co.,* 324 Mass. 673, 678; *Perry v. Boston El. Ry.,* 322 Mass. 206, 210.

The evidence reported fails to disclose any evidence upon which the plaintiff could be found to be negligent, and there was no error in the denial of the defendant's request for ruling #2.

The trial court's finding for the plaintiff is to be vacated and judgment is to be entered for the defendant.

DiMento & Sullivan, of Boston, for the Plaintiff.

James Windward, Badger, Parrish, Sullivan & Frederick, of Boston, for the Defendant.