*Second District Court*
*of Bristol*
No. 26126

**JAMES PERREIRA, ppa**

**v.**

**MILLER PONTIAC, INC.**

Argued: Nov. 29, 1967    Decided: Jan., 1968

*Present:*   Nash, C. J., Cox, J., Murphy, J.

Tried to *Driscoll, J.* in the Second District Court of Bristol.   No. 26126

*Cox, J.*   The plaintiff, a minor, brings this action to recover $300.82 deposited with the defendant for the purchase of a new automobile.

There was a general finding for the plaintiff for the amount claimed.

The defendant filed no request for rulings. The case was reported because it claims to be aggrieved by the denial of two verbal motions for a "directed *finding*" and by the ruling that the plaintiff's mother, Ruth Perreira, signed the purchase order and conditional sale contract as agent for her son—. The oral motions were made at the close of the plaintiff's evidence and also at the close of all the evidence.

There was no error.

Rule 22 of the District Courts (1965), requires motions to be in writing and the denial of the motions may be sustained on the ground that the rule was not complied with. In addition, "The statute and the rules of the District Courts indicate that the basis of a report to the Appellate Division shall be requests for rulings and not motions. G.L. c. 231, § 108. Rule 27 of the District Courts (1965); *Morse* v.*Homer's, Inc.*, 295 Mass. 606, 607; *Forbes* v. *Gordon & Gerber*, 298 Mass. 91, 94-95." *Real Estate Investment Inc.* v. *McDonald,* 7 Mass. App. Dec. 80, 82. However, peering beyond the formalities, there was evidence that the entire deposit was made up of the minor plaintiff's money, even though his mother signed the purchase agreement and the financing papers and may have obligated herself to the defendant. Mrs. Perreira testified that she made the contract as agent for her son and that the car was for him. The plaintiff had himself personally carried on all the negoti-

ations with the defendant and personally made to the defendant the several payments which comprise the deposit of $300.82. It could have been found that he in fact was the sole purchaser.

The fact that Mrs. Perreira, an adult, "was present and participated in the transaction does not remove the minor from the protection of the law if it is found that the minor was the sole purchaser of the vehicle." *Cadigan* v. *Strand Garage Inc.*, 351 Mass. 703 (Mass. Adv. Sh. (1967) 1301). *Frye* v. *Yasi*, 327 Mass. 724.

The report contains no reference to a ruling bv the justice that Ruth Perreira signed the purchase order and conditional sale contract as agent for her son as the defendant contends. There was evidence to that effect, but the justice made only a general finding for the plaintiff. The defendant, as already noted, filed no request for rulings. In effect, it takes exception to the general finding for the plaintiff. An objection to a finding "does not present the question whether it was warranted by the evidence. *Matter of Loeb,* 315 Mass. 191, 194. The issue should have been raised at the trial by a request for ruling." *True* v. *American Fidelity Company*, 352 Mass. 764. **The report should be dismissed.**

Arthur E. Beaullieu,
  for the Plaintiff.
Benjamin M. Gottlieb,
  for the Defendant.